Com. ex rel. O'Malley *v.* O'Malley, Appellant.

Argued May 5, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Paul C. Ruffennach* of *Ruffennach and Ruffennach,* for appellant.

*M. Stancati,* for appellee.

OPINION BY TREXLER, P. J., July 14, 1932:

On November 15, 1927, Marie O'Malley lodged information before the clerk of the county court, alleging that William O'Malley her father had neglected to maintain his child, that she was of full age and an invalid not able to work in order to maintain herself. The court made an order directing William O'Malley, to pay the sum of $5 per week. The order is made for the support of the defendant's "minor" daughter. This evidently is a mistake for the information states that she is an adult and her father was certainly aware of that fact. Probably the clerk in writing out the order of the court filled in a customary form. Upon this order the defendant paid at intervals a sum amounting to $220, which is far short of the sum he ought to have paid by the order of the court.

On January 27, 1932, upon petition of the prosecutrix the court entered judgment for the amount due $865, a transcript of said judgment being filed in the common pleas of Allegheny County. The defendant on February 6, 1932, filed his petition alleging that the judgment was improperly entered, and praying for a rule to show cause why the order made should not be vacated and the judgment stricken from the record. The matter was heard upon petition and answer. The court discharged the rule to strike off the judgment and on the petition to open granted de-

fendant 15 days' time to file his petition, "setting forth particularly the facts and circumstances upon which he depends for the opening and modification of the judgment." The answer having categorically denied the facts alleged in the petition, and no depositions having been taken, there was nothing brought before the court in a proper manner so that the court could consider the subject.

Two questions remain to be answered. The first, does the word children as used in our acts of assembly relating to the desertion and non-support of wife and children by husband or parent cover children over twenty-one years of age, who are physically or mentally incapable of self-support? Ordinarily a parent is not required to support his adult child but there is a well recognized exception supported by abundant authority that where such child is too feeble physically or mentally to support itself the duty on the parent continues after the child has attained its majority. The cases supporting this statement are collected in 46 C. J. P. 1169, section 4. The two Pennsylvania cases cited are Mt. Pleasant Overseers v. Wilcox, 2 D. R. 628; Commonwealth v. Ulrick, 32 Pa. C. C. 283. There is no reason why the duties growing out of the relation of parent should be terminated at the child's becoming of age when such duty in the forum of conscience still exists. The presumption undoubtedly is that when the child comes of age, the reciprocal duties between father and child are at an end, but such presumption is overcome where conditions show that either party is incapable of self-support. There is a mutual duty which the dictates of humanity would require should persist when either party is poor and incapable of earning a livelihood and the other has the wherewithal to provide sustenance, and our laws recognize the duty in children when it provides for the support of parents by them in case of necessity, even after the family relation has terminated.

As pointed out by Judge KENNEDY in his opinion refusing to open the judgment, the acts of 20 March, 1803, Section 29 (Chapter 2357 Bioren); 13 June, 1836, P. L. 539, Section 78, and 13 April, 1867, P. L. 78, make no restrictions as to the age of the child to be maintained, and it is significant that as long ago as 1803 the act of that year provides that the father, inter alios, of any poor, blind, lame and impotent person, or poor person not able to work, shall relieve their necessities.

We all think that the lower court committed no error when it decided that an adult child incapable of self-support is covered by the Acts of Assembly, above referred to.

The second question is. Has the county court jurisdiction of the subject-matter? A mere recital of the pertinent sections of the County Court Act of May 5, 1911, P. L. 198 would seem to be sufficient answer. Section 6 provides: The court hereby created shall have jurisdiction:

"In all proceedings brought against any husband or father, wherein it is charged that he has without reasonable cause, separated himself from his wife or children, or from both, or has neglected to maintain his wife or children; and in all proceedings where any child of full age has neglected or shall neglect to maintain his or her parents, not able to work or of sufficient ability to maintain themselves."

Section 7 provides that in desertion and non-support cases the information shall be made before the county court, (as was done in this case) or justice of the peace, and the person accused "be brought immediately before the court." In other respects the practice shall be "as now provided by law." The counsel for appellant has by reference to a number of cases sought to draw the conclusion that the jurisdiction still resides in the quarter sessions, and argues that such jurisdiction having been in that court prior

to the county court act, it cannot be taken away by implication. The answer to this is that the subject-matter of the Act of 1911 was within legislative control, and we need not resort to any process of deduction to arrive at the meaning of the enactment, or resort to any implications to determine the jurisdiction conferred. It is hard to conceive of any words to confer jurisdiction more fully than those employed "all proceedings" and "the jurisdiction hereby conferred shall be exclusive." It is unnecessary to elaborate the argument upon a proposition that is so evident.

The order of the lower court is affirmed.