625 A.2d 1212

Nancy B. HANSON, Appellee,

v.

John Henry HANSON, Jr., Appellant.

Superior Court of Pennsylvania.

Submitted March 22, 1993.

Filed May 25, 1993.

Robert E. Benion, Milton, for appellant.

510

William C. Cole, Kulpmont, for appellee.

Before OLSZEWSKI, DEL SOLE and MONTGOMERY, JJ.

DEL SOLE, Judge:

This is an appeal from an order directing Appellant father, John Hanson, to pay $45 per week in child support payments for his adult daughter, Mary Hanson.

He raises the following issues on appeal:

(1) Whether the divorce settlement agreement between the parties executed July 8, 1987 which contained a provision for medical insurance, but no further obligation for support of an adult child, can be modified to include support for the adult child?

(2) Whether the trial court erred in concluding that Appellant has a legal duty to support his adult daughter, that the adult child is financially in need of support, and that the Appellant has the financial ability to support her without undue hardship?

(3) Whether the complaint for support was barred by laches and the statute of limitations; and whether the trial court erred by refusing to admit an Order of the Court of Common Pleas of Union County dismissing a prior support proceeding between the parties?

(4) Whether Mary Hanson was guilty of estrangement from Appellant father, so as to bar her from receiving support?

(5) Whether the trial court erred in allowing the Appellee to introduce certain medical records?

John and Nancy Hanson were divorced by decree of the Court of Common Pleas of Northumberland County in 1987. The decree incorporated but did not merge with a divorce settlement agreement executed that same year. In this agreement the parties acknowledged that their youngest daughter, Mary, "had certain handicaps which impair her employment capabilities." The parties agreed that they both would keep Mary on the medical and dental insurance provid-

ed by their employers. The agreement contained no provision for weekly or monthly support payments for Mary's care.

Since the divorce, Mary lives with her mother, who is employed full time at American Home Foods. Mary has worked at several part-time jobs which pay at or near the minimum wage. In 1990, Mary earned $2,850 doing laundry work at Rockwell Center. John Hanson worked at Pennsylvania Gas and Water Company and accepted an offer of early retirement in May, 1991. As a result, he receives $1,233 in pension benefits per month.

Mother filed this complaint for child support. Based on a recommendation by a hearing officer, an order was entered directing Appellant to pay $50 per week for the support of his daughter. Appellant requested de novo review following which Judge Jay W. Myers directed Appellant to pay $45 per week in support payments for Mary, in addition to maintaining her health insurance coverage.

■ First, Appellant argues that the divorce settlement agreement which was incorporated but not merged with the divorce decree cannot be modified to now include support for Mary. He relies upon our decision Brangs v. Brangs, 407 Pa.Super 43, 595 A.2d 115 (1991) which held that 23 Pa.C.S.A. § 3105(b) of The Divorce Code cannot be applied retroactively to permit modification of child support agreements entered into before its effective date of February 12, 1988.

However, our Supreme Court in Knorr v. Knorr, 527 Pa. 83, 588 A.2d 503 (1991) held that even when a settlement agreement is incorporated and not merged with the divorce decree, courts are not conclusively bound by its terms when considering matters involving the interests of children. In Knorr, the court held that where parents invoke the jurisdiction of the Family Court to seek determinations of child support, that court would not be bound by the terms of support set forth in a marriage settlement agreement. While Appellant acknowledges this holding, he argues that it does not apply where the child involved is an adult. This argument is premised on his belief that he has no legal duty to support his adult child; that

the court erred in finding the child is financially in need of support; and that child support payments would work an undue hardship on him. These arguments are unconvincing. See also, *Miller v. Miller*, 423 Pa.Super. 162, 620 A.2d 1161 (1993).

 Usually, the duty to support a child ceases when the child reaches 18 or when the child graduates from high school, whichever comes later. *Blue v. Blue*, 532 Pa. 521, 616 A.2d 628 (1992). However, the courts in this state have long recognized an exception to this rule, and an exception is supported by statute 23 Pa.C.S.A. § 4321(3). There is a duty on parents to support a child that has a physical or mental condition, which exists at the time the child reaches its majority, that prevents the child from being self supporting. Such a child is not emancipated, *Com. ex rel. Cann v. Cann*, 274 Pa.Super. 274, 418 A.2d 403 (1980). In *Cann*, this court stated:

> Ordinarily a parent is not required to support his adult child but there is a well recognized exception supported by abundant authority that where such child is too feeble physically or mentally to support itself the duty on the parent continues after the child has attained its majority.... the presumption undoubtedly is that when the child comes of age, the reciprocal duties between father and child are at an end, but such presumption is overcome where conditions show that either party is incapable of self-support. *Commonwealth ex rel. O'Malley v. O'Malley*, 105 Pa.Super. 232, 234, 161 A. 883, 884 (1932), cited in *Colantoni v. Colantoni*, 220 Pa.Super. 46, 281 A.2d 662 (1971).

To determine if an order of support is appropriate, the test is whether the child is physically and mentally able to engage in profitable employment and whether employment is available to that child at a supporting wage. See *Com. ex rel. Groff v. Groff*, 173 Pa.Super. 535, 98 A.2d 449 (1953); and *Com. v. Gilmore*, 97 Pa.Super. 303 (1929). In *Cann*, the adult child, who suffered a learning disability, was unable to earn a supporting wage because of her mental capacity, even though she worked 40 hours per week at a cleaning job and babysit-

ting. This was sufficient to require her father to continue paying support, when it was determined that her living expenses exceeded her income. Thus, an adult child who is mentally or physically handicapped is still entitled to support if he or she is employable but is incapable of self-support.

Our Supreme Court cited *Groff* with approval in *In re McCready's Trust*, 387 Pa. 107, 126 A.2d 429 (1956); and *Cann* in *Sutliff v. Sutliff*, 515 Pa. 393, 528 A.2d 1318 (1987). Accordingly, we hold that a parent has a continuing duty to support a child who, although when reaching the age of majority, is unemancipated because of a physical or mental condition and is unable to be self supporting because of that condition.

In the instant case, the trial court found that Mary was unemancipated as she was incapable of self-support due to her mental and physical condition. The court further found Appellant capable of paying the guideline recommendation of $45 per week without hardship. Our scope of review is limited to a determination of whether the lower court committed an abuse of discretion or committed an error of law. *Caplan v. Caplan*, 400 Pa.Super. 352, 583 A.2d 823 (1990).

The fact finder has the benefit of viewing the witnesses and hearing the evidence first hand. The trial judge found that Mary was incapable of supporting herself and was dependent on her parents because of her mental and physical limitations. The trial judge also credited the testimony of Nancy Hanson that Mary had a low IQ and would have great difficulty living on her own. Further, the trial judge found that Appellant would be able to pay $45 per week to support his daughter without undue financial hardship. Sufficient evidence supports the trial court's finding that Mary is unemancipated and in need of support and that Appellant is able to support her.

Appellant also claims that the court's failure to make a finding that Mary was guilty of estrangement was in error and that the evidence of this estrangement should bar her from receiving support. Appellant, however, fails to note that the

cases upon which he relies, *Milne v. Milne,* 383 Pa.Super. 177, 556 A.2d 854 (1989) and *Bedford v. Bedford,* 386 Pa.Super. 349, 563 A.2d 102 (1989) concern the effect of estrangement on, what had been held to be, a parent's duty to contribute to an emancipated adult child's secondary education. While our supreme court's decision in *Blue v. Blue, supra.* extinguished this duty, the doctrine of estrangement was never expanded to affect the obligation to support an unemancipated adult child. Therefore, the obligation of support is not diminished even if the child refuses to maintain a relationship with the parent. *See DeWalt v. DeWalt,* 365 Pa.Super. 280, 529 A.2d 508 (1987); and *Schmidt v. Schmidt,* 313 Pa.Super. 83, 459 A.2d 421 (1983).

The remaining issues presented by Appellant are similarly without merit and are correctly disposed of by the trial court in its Opinion. Therefore, we affirm the order of the court below.