J. A27004/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CYNTHIA R. CANINZUN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JERROLD R. CANINZUN, | : | No. 40 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Order, December 4, 2013,
in the Court of Common Pleas of Allegheny County
Family Court Division at Nos. FD 03-002472-002,
PACES NO. 110105727

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND MUSMANNO, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED DECEMBER 03, 2014**

Appellant, Jerrold R. Caninzun ("Father"), appeals from the order entered in the Court of Common Pleas of Allegheny County directing him to continue making monthly support payments for the parties' adult son, A.M.C. who lives with appellee, Cynthia R. Caninzun ("Mother").  We affirm.

In a prior appeal to this court, we summarized the relevant facts and procedural history as follows:

> [Mother] and Father are the parents of A.M.C. When A.M.C. was five years' old, doctors diagnosed him with autism and pervasive developmental disorder ("PDD").  Sometime after the diagnosis, the parties separated.  On September 8, 2003, Mother filed a complaint for child support, which the court granted.
>
> On November 20, 2011, A.M.C. celebrated his eighteenth birthday.  Prior to A.M.C.'s high school

graduation in June 2012, the court ordered an administrative review of the child support action to determine whether A.M.C. would be "emancipated" upon graduation. On May 31, 2012, a hearing officer received testimony from Father, Mother, and A.M.C. At the conclusion of the hearing, the officer issued the following recommendation:

> As the child . . . is not able to be self-supporting at this time, he is not emancipated and support will continue. Order considers the cost of medical insurance to [Mother] for the child. Effective 6/1/12, [Father] is to pay $699.00 per month for the support of [A.M.C.] plus $70.00 per month ordered on amount on arrears set at $3,490.09 as of 6/1/12.

Hearing Summary, dated 5/31/12, at 1.

On June 19, 2012, Father filed exceptions to the support recommendation. Father argued that A.M.C. had successfully completed high school and planned to pursue post-secondary education at a local vocational school. Father concluded A.M.C. did not have a condition rendering him incapable of self-support, and the officer erroneously ordered the continuation of child support. By order and opinion dated October 29, 2012, the court denied Father's exceptions, adopted the hearing officer's support recommendation, and ordered a review of the matter in June 2013, upon the completion of A.M.C.'s first year at vocational school.

*Caninzun v. Caninzun*, 82 A.3d 455 (Pa.Super. 2013) (unpublished memorandum at 1-2), *appeal denied*, 85 A.3d 481 (Pa. 2014). On June 5, 2013, this court affirmed the trial court's October 29, 2012 order. *Id.*

In accordance with the trial court's October 29th order that directed a hearing be held upon completion of A.M.C.'s first year of vocational school, a

hearing was held on June 18, 2013, before Hearing Officer Tierney. On June 26, 2013, Officer Tierney filed a hearing summary concluding A.M.C. does not have the capability to support himself. An order was entered that same day setting arrears at $5,022.62 as well as calculating Father's support obligation at $610.33 per month plus $60 towards arrears. Father filed timely exceptions which the trial court denied in part and granted in part by order dated December 4, 2013.[1] This appeal followed and Father presents two questions for our consideration:

> Whether the lower Court erred in continuing support for the adult (disabled) child in light of the facts and circumstances of this case[?]
>
> Whether the lower Court erred in continuing support for the adult (disabled) child despite failure to bring medical evidence under 1910.29(b)(2)[?]

Father's brief at 1.

The relevant standard of review is as follows:

> When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment

---

[1] The December 4, 2013 order granted Father's exception regarding his argument that Hearing Officer Tierney failed to modify the support order retroactive to October 25, 2012, the date Father's petition was filed. The trial court noted it was precluded from acting on Father's petition until the Superior Court relinquished jurisdiction of Father's earlier appeal of the trial court's October 29, 2012 order.

> exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*Kimock v. Jones*, 47 A.3d 850, 854 (Pa.Super. 2012), quoting *Brickus v. Dent*, 5.A.3d 1281, 1284 (Pa.Super. 2010).

On appeal, Father contends the trial court's conclusion that ". . . the evidence clearly reflects that the child's mental condition renders him incapable of self-support" is not supported by competent evidence. (Father's brief at 10.) Father also claims Mother failed to provide a physician's verification of A.M.C.'s disability as required by Pa.R.C.P. 1910.29(b)(2). (*Id.* at 11.)

> At the outset, we recognize that as a general rule, the duty to support a child ends when the child turns eighteen or graduates from high school. *Hanson v. Hanson*, 425 Pa.Super. 508, 625 A.2d 1212 (1993). However, pursuant to 23 Pa.C.S. § 4321(3), a parent may be required to support a child who, upon reaching the age of majority, has a mental or physical condition that prevents the child from being self-supporting. *Id.* "To determine if an order of support is appropriate, the test is whether the child is physically and mentally able to engage in profitable employment and whether employment is available to that child at a supporting wage." *Id.* at 1214.

*Kotzbauer v. Kotzbauer*, 937 A.2d 487, 489-490 (Pa.Super. 2007), *appeal denied*, 952 A.2d 678 (Pa. 2008).

The following facts are relevant to our disposition of this appeal. At the evidentiary hearing, Father, Mother, and A.M.C. testified. Father, who lives in South Carolina, testified he last saw A.M.C. in January of 2013. (Notes of testimony, 6/18/13 at 24.) He testified he comes to Pittsburgh four or five times a year to see his children while he stays with his mother. (*Id.*) In addition to A.M.C., Father has another child who is 22 years old. (*Id.* at 25.)

Mother testified A.M.C. took a machine shop course from September 2012 to May 2013 at the Forbes Road Technical School and received a certificate. (*Id.* at 36-37.) The course was paid for by the Office of Vocational Rehabilitation ("OVR"). (*Id.* at 53.) Mother testified she has tried to help A.M.C. socialize and achieve a certain amount of independence by allowing him to get his driver's license. (*Id.* at 53-54.) Mother only permits A.M.C. to drive within a three to five-mile radius of his home.[2] (*Id.*)

A.M.C. testified that he received a certificate in lathe as well as one in safety measuring and materials. (*Id.* at 60.) He was asked about his job search over the last year, and he replied he has applied multiple times at Home Depot, McDonald's in Wilkinsburg, Panera Bread, and Red Lobster in Monroeville for work as a server, cleaner, or "maybe cashier." (*Id.* at 62-63, 67-69.) A.M.C. also testified he has applied for the army and navy but has not received any follow-up. (*Id.* at 70-71.) A.M.C. testified he does not

---

[2] Mother testified A.M.C. has a "teenager driver's license." (*Id.* at 49.)

have any credit cards and his cell phone is paid for by his mother. (***Id.*** at 63-64, 76.)

The primary purpose of the June 18, 2013 hearing was to determine if after one year of technical school, A.M.C. had achieved the capability to be self-supporting. It is clear from the record that having earned a machine shop technology certificate has not made A.M.C. capable of supporting himself. After having reviewed the hearing transcript, we are at a loss to understand Father's claim that A.M.C. has "demonstrated other life skills that absolutely negated disability."[3] (Father's brief at 10.) To the contrary, the trial court pointed out:

> [T]he content of [Child's] testimony also clearly reflects his limitations. He has obvious difficulties with social interaction and comprehension. While he has received additional occupational training and will continue to receive assistance from OVR, [Child's] disability, as described in the Hearing Officer's prior recommendation and affirmed by this court, <u>continues</u>.

Order, 12/4/13 at 2 (emphasis added).

---

[3] Father's one-page argument does not explain what "other life skills" he is talking about. Assuming Father is referring to the driver's license A.M.C. obtained, we agree with Mother's counsel when he stated, "Driving is a tremendous risk and [Mother] is terrified as am I." (Notes of testimony, 6/18/13 at 92.) Additionally, the fact that A.M.C. testified he goes on the internet and can text hardly represent "life skills" that make A.M.C. capable of self-support.

As the record supports the trial court's conclusion and establishes that Father did not offer any new evidence that A.M.C., after one year of technical school, is capable of self-support, Father's first claim is meritless.

Next, we turn to Father's claim that Mother failed to provide a physician's verification of A.M.C.'s disability as required by Pa.R.C.P. 1910.29(b)(2). Initially, we observe Father fails to support his one sentence argument with any discussion or citation to legal authority. *See **Commonwealth v. Rompilla***, 983 A.2d 1207, 1210 (Pa. 2009) (claim is waived as appellant has failed to cite to any authority supporting her position and, aside from conclusory statements, she has not developed her argument on appeal); ***Commonwealth v. Brougher***, 978 A.2d 373, 375-376 (Pa.Super. 2009) (claim is waived if there is no citation to authority). Accordingly, we find this issue waived. However, even if we were to address Father's claim, there is no merit to it. The rule provides:

**Rule 1910.29. Evidence in Support Matters**

**(b) Medical Evidence**

(2) *Record Proceeding*. If the matter proceeds to a record hearing and the party wishes to introduce the completed Physician Verification Form into evidence, he or she must serve the form on the other party not later than 20 days after the conference. The other party may file and serve an objection to the introduction of the form within 10 days of the date of service. If an objection is made and the physician testifies, the trier of fact shall have the discretion to

> allocate the costs of the physician's testimony between the parties. If there is no objection, the form may be admitted into evidence without the testimony of the physician. In the event that the record hearing is held sooner than 30 days after the conference, the trier of fact may provide appropriate relief, such as granting a continuance to the objecting party.

Pa.R.C.P. 1910.29(b)(2). The rule cited by Father provides support obligors claiming that they are disabled with a mechanism calculated to simplify the production of medical evidence via a simple hearsay exception. This rule does not apply to A.M.C.

Accordingly, we see no reason to disturb the order in question.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/2014