J-S27031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| L.J.O. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| E.O. | |
| Appellant | No. 1303 MDA 2015 |

Appeal from the Order Entered June 29, 2015
In the Court of Common Pleas of Berks County
Domestic Relations at No(s): 14 DR 00760 PACSES No. 424114580

| | |
|---|---|
| E.O. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| L.J.O. | |
| | No. 1304 MDA 2015 |

Appeal from the Order Entered June 29, 2015
In the Court of Common Pleas of Berks County
Domestic Relations at No(s): 14 DR 00760R PACSES No. 603114752

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.: **FILED APRIL 14, 2016**

Husband appeals from the spousal support and child support orders entered in the Court of Common Pleas of Berks County. After a careful review, we quash Husband's appeal from the order entered in the spousal support matter, which is docketed at 1303 MDA 2015. We affirm Husband's

---

*Former Justice specially assigned to the Superior Court.

appeal from the order entered in the child support matter, which is docketed at 1304 MDA 2015.

The relevant facts and procedural history are as follows: Wife and Husband were married on July 23, 1988, and they have one daughter, E.O., who was born in February of 1995. On April 10, 2014, Wife and Husband separated, and on that same date, Wife filed a complaint for spousal support. Additionally, on April 17, 2014, Wife filed a complaint in divorce, seeking alimony *pendente lite*, equitable distribution of the marital property, and alimony. Wife's divorce action, including her request for spousal support, was docketed in the lower court at 14 DR 00760, PACSES No. 424114580.

On July 11, 2014, Husband filed a cross-complaint for child support, which was docketed in the lower court at 14 DR 00760R, PACSES No. 603114752. The trial court entered orders consolidating Wife's requests for spousal support and alimony *pendent lite* with Husband's request for child support, and the trial court directed the issues be considered at one hearing. Thereafter, on January 21, 2015, a hearing was held before Support Master Molly B. Kleinfelter.

On March 16, 2015, Master Kleinfelter filed her "Findings of Fact, Conclusions of Law and Recommendation of the Support Hearing Officer." Therein, Master Kleinfelter found, in relevant part, the following:

> Since September 2013, [Wife] has been working as a
> stylist at Amazing Style earning 45% commission on each

appointment plus 10% commission on each product she sells. She is scheduled for appointments. The salon does not have a walk-in business. She does not get paid if she does not have an appointment. [Wife] testified that she works twenty (20) hours per week. She testified that most of the customers pay for their service and tips by credit card. [Wife] provided her pay information in Exhibit #1 which reveals that her year-to-date cash tips for 2014 totaled $439.00 and that her W2 wages totaled $8,322.93 for a total annual gross income of $8,761.93. [Wife] testified that after cosmetology school she determined that she is allergic to the chemicals used in a regular salon. She testified that in order to work as a cosmetologist, she must work in a salon that uses the organic product line used at Amazing Style. She did not provide any additional testimony regarding her ability or inability to work. [Wife] testified that she graduated from high school in 1987. After graduation, she worked at Sweet Street Dessert Co. from 1989 to 1996. She began at minimum wage but increased her pay as she was promoted until she was fired because she was not an effective supervisor. At the time of her termination, she testified that she was earning $12.00 per hour.

[Wife] also testified that, for a period of time, she worked for her mother's business, DayStar Natural. She testified that she worked in 2011 until May 2012 when her mother essentially fired her because the parties' daughter required more supervision. [Wife] was then a stay-at-home-mother from May 2012 until September 2013 when she began working for Amazing Styles. [Wife] testified that the job working for her mother at DayStar has been filled and is no longer available. Additionally, she testified that while she took one course toward a certification in nutrition, she does not have $20,000.00 or the guarantee of employment to complete the certification.

[Wife] provided Exhibit #2, a letter and pay statement from Ernst Licht. A review of the exhibit reveals that [Wife] was hired as a seasonal employee from August 8, 2014[,] until December 31, 2014[,] earning $12.00 per hour. The pay statement indicated that she worked 12 hours per week.

[Wife] testified that she is not looking for another job. She testified that she is available for work at the salon, essentially on-call, 40 hours per week. At this time she is only scheduled for approximately 20 hours per week, but it takes time to "build a book" of clients.

Regarding [E.O.], [Wife] testified that she graduated from high school in September 2014. [Wife] testified that [E.O.] has

not been diagnosed with any condition which would prevent her from working. [Wife] testified that before she left the marital home, [E.O.] did not want to get a job, and that [E.O.] was not cooperative.

***

Regarding [E.O.], [Husband] testified that she attended and graduated from cyber-school. He testified that sending [E.O.] to cyber-school was a family decision. [Husband] testified that [E.O.] is suffering from costochondritis and fibromyalgia. [Husband] testified that [E.O.] goes to a chiropractor for physical therapy and to a psychologist twice a month. [Husband] testified that he is trying to get [E.O.] to qualify for Social Security benefits. [Husband] offered Exhibit #10, which is a record of the medical visits and payments he has made on [E.O.'s] behalf. [Husband] failed to bring any evidence of [E.O.'s] diagnosis.

[Husband] argues that [E.O.] should not be emancipated. In **Hanson v. Hanson**, 625 A.2d 1212 (Pa.Super. 1993), the Court held that the parent has a continuing duty to support a child if the child has a mental or physical condition which exists at the time the child reaches majority that prevents the child from being self-supporting. **Hanson**, 625 A.2d at 1214. In **Style v. Shaub**, [955 A.2d 403] (Pa.Super. 2008), the Court held that there is a presumption that child support terminates at majority. This presumption is rebuttable upon proof that the child has disabilities that preclude self-support.

The question in **Style**, and in this case, then becomes, "the test is whether the child is physically and mentally able to engage in profitable employment and whether employment is available to the child at a supporting wage." **Style**, [955 A.2d at 409 (quotation and citations omitted)]. The adult child has the burden of proof on these issues. **See Verna v. Verna**, 432 A.2d 630, 632 (Pa.Super. 1981) [(*per curiam*)].

I do not find that [Husband] met the burden to prove that [E.O.] is unable to engage in profitable employment and to prove that employment is not available to [E.O.] at a supporting wage. First, [Husband] failed to properly introduce any uncontradicted evidence that [E.O.] is disabled. [Husband] testified that [E.O.] is disabled. [Wife] testified that [E.O.] is uncooperative. Second, [Husband] failed to produce the testimony of [E.O.]. I do not recommend that the Court require [Wife] to continue to pay child support for [E.O.] after September 9, 2014.

Parents are liable for the support of their unemancipated children[,] 23 Pa.C.S.A. [§] 4321(3). There is a rebuttable presumption that the amount of a child support award which results from the application of the guidelines is the correct amount of support to be awarded. 23 Pa.C.S.A. [§] 4322(b). Child support is a shared responsibility requiring both parents to contribute to the support of their children in accordance with their relative incomes and ability to pay. **Kersey v. Jefferson**, 791 A.2d 419, 423 (Pa.Super. 2002)[.] "The support of a spouse or a child is a priority obligation so that a party is expected to meet this obligation by adjusting his or her other expenditures." Pa.R.C.P. 1910.16-1(a)(3).

[Husband] argues that [Wife] should be given an earning capacity greater than her earnings at Amazing Style. "If the trier of fact determines that a party to a support action has willfully failed to obtain or maintain appropriate employment, the trier of fact may impute to that party an income equal to the party's earning capacity. Age, education, training, health, work experience, earning history, and child care responsibilities are facts which shall be considered in determining earning capacity." Pa.R.C.P. 1910.16-2 (d)(4). I do not find [Wife] has failed to obtain or maintain appropriate employment. [Wife] testified that she is working and taking all of the hours offered to her. [Wife] is working in a field in which she is trained, certified and pursuing additional education in that field. Accordingly, I do not recommend that [Wife] be assigned an earning capacity.

***

I find sufficient credible and uncontradicted evidence to determine that [Wife] has [a] gross monthly earning of $730.16 based upon her work at Amazing Styles. From August 1, 2014[,] until December 31, 2014, this amount was augmented by a temporary position at Ernst Licht, which increased her earnings to $1,354.16. Utilizing the appropriate tax status, [Wife] has a monthly net income from August 1, 2014[,] to December 31, 2014[,] of $1,143.67. At all other times, her monthly net income is $644.07.

The Self-Support Reserve also impacts [Husband's] request for child support. The Self-Support Reserve is $931.00 per month. The [Self-Support Reserve] is intended to assure that an obligee with low income retains sufficient income to meet their basic needs. [Wife] has insufficient income to award [Husband] an order of Child Support. However, [Wife] is seeking spousal support. Accordingly, the provisions of Pa.R.C.P. 1910.16-4(e) apply, and the amount of spousal

- 5 -

support owed by [Husband] to [Wife] is offset by the amount of child support owed by [Wife] to [Husband].

[Wife] filed her request for spousal support on April 10, 2014. While there was no child support complaint yet filed by [Husband], the minor child was in [Husband's] custody and [Wife] had a support obligation. Therefore, I recommend that the Court apply 1910.16-4(e) commencing on April 10, 2014.

From April 10, 2014[,] until July 31, 2014, the parties have a combined monthly net income of $4,733.64. After applying 1910.16-4(e), [Wife] is responsible for 47% of the basic obligation, or $458.72 per month. The offset for this time period is $1,635.82-$450.72=$1,185.10.

From August 1, 2014[,] until September 9, 2014[,] the parties have a combined monthly net income of $5,233.24. After applying 1910.16-4(e), [Wife] is responsible for 47% of the basic obligation, or $458.72. The offset for this time period is $1,343.76-$458.72=$885.04.

From September 10, 2014, after [E.O. became] emancipated, until December 31, 2014, while [Wife] had seasonal employment, the spousal support is calculated in the amount of $1,178.36 ($4,089.57-$1,143.67x.4=$1,178.36). Commencing on January 1, 2015, spousal support is calculated as $1,134.34 ($3,479.93-$644.07x.4=$1,134.34).

Master's Recommendation, filed 3/16/15, at 1-7 (citations and footnotes omitted).

In conclusion, the Master relevantly ordered, *inter alia*, the following:

1. [Wife's] claim for [alimony *pendente lite*] filed to PACSES No. 424114580 on May 22, 2014[,] is dismissed.[1]
2. [Husband's] claim for child support filed to PACSES 603114752 on July 11, 2014[,] shall remain open as an arrears-only medical support order in which [Husband] shall provide medical insurance for the minor child. [Wife] shall be responsible for 48% of any uncovered costs between April 10, 2014[,] until July 31, 2014, and 47% for any uncovered costs incurred between August 1, 2014[,] and September 9, 2014,

---

[1] At the support hearing, the parties agreed the alimony *pendente lite* claim would be dismissed.

after [Husband] pays for the first $250.00 of uncovered expenses annually.

3. In PACSES 442114580, I recommend that the court Order [Husband] to pay spousal support to [Wife]:
a. from April 10, 2014[,] to July 31, 2014[,] in the amount of $1,185.10.
b. from August 1, 2014[,] to September 9, 2014[,] in the amount of $885.04.
c. from September 10, 2014[,] to December 31, 2014[,] in the amount of $1,178.36.
d. on January 1, 2015[,] until further order of court, in the amount of $1,134.34.

*Id.* at 8 (footnote added).

On March 16, 2015, the trial court entered orders in accordance with the Master's recommendation and the orders were filed at both docket numbers. Specifically, the trial court indicated Husband's monthly net income is $3,479.93 and Wife's monthly net income is $644.07; the trial court directed Wife to pay no child support and indicated there were no arrears; and the trial court directed Husband to pay $1,159.34 per month in spousal support, effective January 1, 2015.

Thereafter, Husband filed timely exceptions to the Master's recommendation; he filed the exceptions at both docket numbers. Husband's sole issue was whether the Master erred in "[t]he amount of the monthly net income assigned to [Wife]." In his supporting brief, Husband conceded that, with respect to his request for continuing support of E.O. after September 9, 2014, there was insufficient information regarding her inability to earn a living wage.

With regard to Wife's assigned net income for child and spousal support purposes, Husband argued she is underemployed and working well below her earning capacity. Husband requested Wife be assigned an earning capacity of $31,000.00 per year based upon a vocational analysis, as well as Wife's age, education, training, health, work experience, and earnings history.

Following oral argument, by order entered on June 30, 2015, the trial court indicated the following:

> [I]n consideration of the Exceptions to the Custody/Support Master's Report and Recommendation filed by [Husband] in the above-captioned matter as to the earning capacity imputed to [Wife], following oral argument held before the undersigned, and having reviewed the case file, the transcripts of the hearing before the Custody/Support Master along with the attached exhibits, and the Master's Report and Recommendation, now, therefore, in consideration of all of the foregoing, it is hereby ORDERED as follows:
>
> 1. Husband's Exception concerning Wife's earnings/earning capacity is granted in part and denied in part: Wife's income shall not be based on her actual earnings; Wife shall be assigned an earning capacity, but not the earning capacity proposed by Husband. Wife's earning capacity shall be the Pennsylvania minimum wage as of the date of this order, and her imputed income shall be calculated based on a 40 hour work week.
> 2. This matter is remanded back to the Domestic Relations Officer for a guideline calculation consistent with this order.

Trial Court Order, filed 6/30/15, at 1. The order was filed in both the child support and the spousal support matters.

On July 29, 2015, Husband filed two separate notices of appeal from the trial court's orders. Husband's appeal related to Wife's request for spousal support was docketed in this Court at 1303 MDA 2015, while Husband's appeal related to his cross-complaint for child support was docketed in this Court at 1304 MDA 2015. This Court *sua sponte* consolidated the appeals.

Meanwhile, in the trial court, as to both docket numbers, Husband was directed to file a Pa.R.A.P. 1925(b) statement, and he timely complied presenting the identical, sole issue for both matters: "That [the trial court] erred in determining that [Wife] has only a full-time minimum wage earning capacity." Husband's Pa.R.A.P. 1925(b) Statement, filed 9/30/15. The trial court filed a responsive Pa.R.A.P. 1925(a) Opinion.

Initially, we note Husband has appealed from the orders entered in the spousal support matter (docketed at 1303 MDA 2015), as well as the child custody matter (docketed at 1304 MDA 2015). However, because a divorce decree has not yet been entered, the order entered in the spousal support matter is not appealable. **See Leister v. Leister**, 684 A.2d 192, 193 (Pa.Super. 1996) (*en banc*) (holding spousal support orders are interlocutory and not appealable when entered during the pendency of divorce claims). Accordingly, we quash Husband's appeal filed at 1303 MDA 2015.

However, the trial court's order entered in the child support matter is a final and immediately appealable order. **See Capuano v. Capuano**, 823

A.2d 995 (Pa.Super. 2003). Accordingly, we may address Husband's appellate issues to the extent they relate to child support.

Here, as it relates to Husband's request for child support for E.O., the Master found that, effective September 9, 2014, Wife had no duty to pay child support as E.O. had reached the age of majority, had graduated from high school, and was capable of engaging in profitable employment. Husband did not file exceptions from the Master's recommendation in this regard and, in his brief before the trial court, he specifically conceded the record was insufficient to establish Wife had a duty to provide child support after September 9, 2014. Moreover, Husband has advanced no argument on appeal concerning this precise issue. Accordingly, his challenge to this portion of the child support order is waived. *See* Pa.R.C.P. 1910.12(f) (pertaining to the filing of exceptions from a master's recommendation); ***Brody v. Brody***, 758 A.2d 1274 (Pa.Super. 2000) (finding issues not developed on appeal in support case to be waived).

However, as it relates to the time period from the parties' separation on April 10, 2014, until E.O.'s graduation from high school on September 9, 2014, the Master concluded Wife had a duty to provide child support for E.O. as she was unemancipated, still in high school, and living solely with Husband during this time period. *See* 23 Pa.C.S.A. § 4321(2) (indicating parents are liable for the support of their unemancipated children under the age of eighteen, or unemancipated children who have not yet graduated

from high school). However, the Master, declining to assign Wife an earning capacity, found Wife's monthly net income was $1,143.67 from August 1, 2014, to December 31, 2015, and $644.07 at all other times. Accordingly, the Master found Wife's monthly net income rendered her below the Self-Support Reserve of $931.00, resulting in the conclusion she had insufficient income to award Husband child support for the time period from April 10, 2014, to September 9, 2014. However, the Master concluded the amount of child support Wife would owe, but for the Self-Support Reserve, should be used to off-set the amount of spousal support owed by Husband to Wife. In this regard, the Master applied the provisions of Pa.R.C.P. 1910.16-4(e), and found Wife is responsible for 47% of the basic child support obligation, or $458.72 per month during the relevant time period.

As indicated *supra*, Husband filed exceptions challenging solely the amount of the monthly net income assigned to Wife, and the trial court granted the exception, in part. Specifically, the trial court accepted Husband's argument that Wife should be assigned an earning capacity, as opposed to utilizing her actual earnings; however, the trial court disagreed with Husband's calculation for Wife's earning capacity. Rather, the trial court concluded the evidence revealed Wife's earning capacity for the relevant time period was Pennsylvania's minimum wage ($7.25) at 40 hours per week, or $1160.00 per month.

On appeal, Husband contends the trial court erred in computing Wife's earning capacity to be full-time minimum wage. In this regard, Husband contends the trial court failed to set forth the reasons for its determination, did not adequately consider the factors set forth in Pa.R.C.P. 1910.16-2(d)(4), and erred in failing to find the testimony of the vocational expert to be credible.

We review a court's determinations regarding support orders for an abuse of discretion.[2] *Isralsky v. Isralsky*, 824 A.2d 1178 (Pa.Super. 2003).

> On appeal, a trial court's child support order will not be disturbed unless there is insufficient evidence to sustain it or the court abused its discretion in fashioning the award. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by evidence on the record, discretion is abused.
> Thus, a reviewing court does not weigh the evidence or determine credibility as these are functions of the trial court.

*Doherty v. Doherty*, 859 A.2d 811, 812 (Pa.Super. 2004) (quotation and citations omitted).

"Although a person's actual earnings usually reflect h[er] earning capacity, where there is a divergence, the obligation is determined more by

_____

[2] As indicated, we confine our analysis to whether the trial court abused its discretion in determining Wife's earning capacity for child support purposes from April 10, 2014, when the parties separated, to September 9, 2014, when E.O., who had reached the age of majority, graduated from high school.

earning capacity than actual earnings." ***Woskob v. Woskob***, 843 A.2d 1247, 1251 (Pa.Super. 2004) (citation omitted).

> Age, education, training, health, work experience, earnings history and child care responsibilities are factors which shall be considered in determining earning capacity. In order for an earning capacity to be assessed, the trier of fact must state the reasons for the assessment in writing or on the record. Generally, the trier of fact should not impute an earning capacity that is greater than the amount the party would earn from one full-time position. Determination of what constitutes a reasonable work regimen depends upon all relevant circumstances including the choice of jobs available within a particular occupation, working hours, working conditions and whether a party has exerted substantial good faith efforts to find employment.

Pa.R.C.P.1910.16–2(d)(4).

In the case *sub judice*, the trial court expressly indicated in its Opinion that, in determining Wife's earning capacity for the relevant time period, it considered the factors set forth in Pa.R.C.P. 1910.16-2. ***See*** Trial Court Opinion, filed 10/15/15, at 4. The trial court further noted the following:

> [B]ased on [Wife's] education and training, she was capable of earning at least a full-time, minimum wage salary. We declined to impose a higher earning capacity based on a consideration of the applicable factors, including [Wife's] earning history and health issues relating to the vocation for which she has training.
>
> ***
>
> Based on the record and the arguments to the court, we disagree with [Husband's] claim that this court erred in imposing only a full-time minimum wage earning capacity, which is in excess of her present earnings and more than was recommended by the Support Hearing Officer.

***Id.*** at 5.

- 13 -

We find no abuse of discretion in this regard and specifically reject Husband's claims that the trial court failed to set forth the reasons for its determination and did not adequately consider the factors set forth in Pa.R.C.P. 1910.16-2(d)(4). Further, as to Husband's argument the trial court erred in failing to find the testimony of the vocational expert to be credible, it is not this Court's duty to pass on the credibility of witnesses and we will not substitute our judgment for the trial court's judgment in this regard. **See Doherty**, **supra**. Thus, and for the foregoing reasons, we affirm the trial court's child support order filed at 1304 MDA 2015.

Appeal from order docketed at 1303 MDA 2015 is QUASHED; Appeal from order docketed at 1304 MDA 2015 is AFFIRMED.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/14/2016

- 14 -