2016 PA Super 294

| | |
|---|---|
| MIRIAM A. JOHNSON, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALBERT D. JOHNSON, JR., | |
| Appellant | No. 2843 EDA 2015 |

Appeal from the Order Entered August 28, 2015
In the Court of Common Pleas of Chester County
Domestic Relations at No(s):  0582 N 1997
PACSES #133001257

BEFORE:  BENDER, P.J.E., DUBOW, J., and MUSMANNO, J.

OPINION BY BENDER, P.J.E.:                    **FILED DECEMBER 20, 2016**

Albert D. Johnson, Jr., (Father or Petitioner) appeals from the order, entered on August 28, 2015, that denied his request to terminate an existing support order and an obligation to pay for health insurance coverage for Jessica Amanda Gardener, who Father claims is no longer a dependent child. We vacate and remand.

The trial court provided the following factual and procedural introduction to this case, stating:

> We consider the June 2, 2014 Petition of [Father] to modify an existing support order originally entered on February 1, 1998 on the application of Miriam A. Johnson (the "Obligee" [or Mother]), Petitioner's former wife and the mother of the parties['] natural child, Jessica Amanda Gardener (hereafter "Ms. Gardner").  Therein, Petitioner averred his retirement from employment, his ineligibility for continuing Ms. Gardener's medical insurance coverage under his former company's health

insurance policy, and his request that she secure coverage under The Patient Protection and Affordable Care Act. The Petition was amended on August 4, 2014 to include a prayer for the termination of the support order, upon the allegation that Ms. Gardner, who is now 39 years of age, is no longer a dependent child. No formal written response to the Petition was filed. The support order was modified by this court on October 17, 2002 by the removal of Petitioner's natural son from the order, who was then 19 years of age; however, Ms. Gardener, whose date of birth is April [], 1976, was then 26 years of age and was found to remain an adult dependent child within the meaning of 23 Pa.C.S.A. §[]4321(3). Petitioner was ordered to pay for her benefit the sum of $2,000 per month, effective January 1, 2002, the amount from which relief is now sought by Petitioner. We conducted a hearing on the Petition on May 11, 2015 at which Petitioner was represented by Evan Hambleton, Esquire, and [Mother] appeared pro se as the respondent to represent her daughter's interest.

On December 23, 2014, Petitioner served on the Obligee Requests for Admissions pursuant to Pa.R.C.P. 4014, to which no objection or response was made. Prior thereto, on October 23, 2014[,] we entered an Order directing Obligee to respond to Petitioner's discovery demand, including requests for production of documents and interrogatories, including those inquiring into Ms. Gardener's treatment for any condition which might render her incapable of self-support. In its October 17, 2002 order, the court found that Ms. Gardener "has suffered and continues to suffer from multiple disabling mental illnesses." Under Rule 4014(b), requests for admissions to which no objection or response is made are admitted.

Trial Court Opinion (TCO), 8/28/15, at 1-3.

Following this preliminary discussion, the court related numerous facts about Ms. Gardener, involving her schooling, the locations to which she moved over the ensuing years, and the jobs that she held. The court also discussed Ms. Gardener's previous diagnosis, the treatments she underwent, and the medications she took. The court also found that:

> There is no competent evidence that Ms. Gardener is physically incapable of working; however, even though she is a highly intelligent person, from the testimony adduced during trial, including our observation of her during her lengthy testimony, we find that she continues to suffer from a life-long psychiatric illness that prevents her from normally interfacing with other people. She displays continuing fearfulness of situations and people, lives an isolated life, with her two dogs her closest companions and protectors, and she has a work history that demonstrates an inability to successfully compete or hold on an ongoing basis a competitive position in the job market place, such as would allow her to become totally self-supporting.

TCO at 13 ¶ 21.

Additionally, the court discussed Father's financial situation upon his retirement and Mother's limited income. The court also set forth the law directed to the issue of whether a parent continues to have a duty "to support a child that has a physical or mental condition, which exists at the time the child reaches its majority that prevents the child from being self-supporting." *Id.* at 16. The court explained that the test a court must employ "to determine continuing disability is whether the support beneficiary has become and is now physically and mentally able to engage in profitable employment and whether such employment is available to her at a supporting wage." *Id.* (citing **Hanson v. Hanson**, 625 A.2d 1212 (Pa. Super. 1993)). Notably, however, it is the adult child's burden to prove the conditions that make it impossible for her to be employed. *Id.* at 17 (citing **Verna v. Verna**, 432 A.2d 630 (Pa. Super. 1981)).

The court also noted that it did not "have the benefit of current psychiatric testimony…." *Id.* at 17. However, in this regard, it stated:

It is well established that a court may not ordinarily take judicial notice in one case of the records of *another* case, whether in another court or its own, even though the contents of those records may be known to the court. *Naffah v. City Deposit Bank*, 13 A.2d 63 (Pa. 1940). However, we know from this Court's 2002 Order and the record made at that time in this self-same case that Ms. Gardener has suffered since childhood from psychiatric illness and previously has been diagnosed with schizotypal personality disorder. People suffering from a schizotypal personality disorder typically display a need for social isolation, anxiety in social situations, odd behavior and thinking, have few or no close friends and are inappropriate in their display of feelings. Source: **Diagnostic and Statistical Manual** of Mental Disorders (**DSM**); Encyclopedia of Mental Disorders. In our opinion, the evidence in this case clearly demonstrates that Ms. Gardener continues to suffer from a long-standing mental disability that adversely affects her ability to become fully self-supporting. Given the instant facts, we conclude that the support recipient has rebutted the presumption of emancipation that arises as a consequence of her age.

*Id.* at 20 (emphasis in original). Accordingly, the trial court denied Father's petition and continued his obligation to pay support for Ms. Gardener and provide health insurance coverage for her.

Father filed a timely appeal to this Court and now raises the following seven issues for our review:

I. Did the trial court err in allowing the testimony of Jessica Gardener without prior notice to [Father]?

II. Did the trial court err in relying on medical records in its opinion after sustaining the objection to the introduction of said records into evidence at trial?

III. Did the trial court err in forming and relying upon its own medical opinions and conclusions regarding [Ms. Gardener], given the absence of competent evidence in the record of [Ms. Gardener's] condition?

IV.  Did the trial court err by, in effect, placing the burden of proof on [Father] to establish that a prior medical condition no longer exists?

V.  Did the trial court err in finding that Jessica Gardener is not capable of self[-]support?

VI.  Did the trial court err in its determination of a continuing support obligation which was against the evidence?

VII.  Did the trial court err in not terminating [Father's] support obligation?

Father's brief at 4-5.

> In reviewing an order entered in a support proceeding, an appellate court has a limited scope of review.  The trial court possesses wide discretion as to the proper amount of child support and a reviewing court will not interfere with the determination of the court below unless there has been a clear abuse of discretion.  The function of the appellate court is to determine whether there is sufficient evidence to sustain the order of the hearing judge. An abuse of discretion is not merely an error of judgment; rather, it occurs when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or the result of partiality, bias or ill-will.

*Style v. Shaub*, 955 A.2d 403, 406-07 (Pa. Super. 2008).  The *Style* decision also provides that "[i]n Pennsylvania, the duty to support a child generally ceases when the child reaches the age of majority, which is defined as either eighteen years of age or when the child graduates from high school, whichever comes later."  *Id.* at 408 (citing *Blue v. Blue*, 616 A.2d 628 (Pa. 1992)).  However, the *Style* opinion further explains that "23 Pa.C.S.A. § 4321(3) … provides that '[p]arents may be liable for the support of their children who are 18 years of age or older.'"  *Id.*  A continued support obligation occurs "where such child is too feeble physically or

mentally to support itself[.]" *Id.* (quoting ***Commonwealth ex rel. O'Malley v. O'Malley***, 161 A. 883 (Pa. Super. 1932)). Furthermore, "[w]hen the disability resulting in the child's inability to be self-sufficient already exists at the time the child reaches the age of majority … the presumption is rebuttable by the adult child upon proof that there are 'conditions that make it impossible for her or him to be employed.'" *Id.* (quoting ***Hanson***, 625 A.2d at 1214).

We begin by addressing Father's issue relating to the alleged reliance by the court on recent medical records although the court had denied their introduction into evidence. In conjunction with this argument, Father also contends that the court relied on its own medical opinions, gleaning information from medical records introduced in the court hearing held in 2002. *See* discussion *supra*. In the trial court's supplemental opinion, written after Father submitted his concise statement of errors complained of on appeal, the court addressed these arguments, stating:

> [Mother] sought to introduce medical records of Ms. Gardener's recent treatment at a community mental health service in the State of Washington. We precluded her from doing so in that such records without testimony of the provider constituted hearsay and denied [Father] the opportunity to cross-examine; however, we do not believe we were precluded from consulting this court's file in this case, specifically Ms. Gardener's medical records in the court's file introduced at a prior court hearing in 2002 in which [Father] sought termination/modification of his support obligation, that had been subject to cross-examination, and from which the court at that time found Ms.[] Gardener to be the victim of an on-going psychiatric illness from age 7. These records were equally available to [Father].

. . .

Our discussion at page 20 of our [initial] opinion discusses our observations of Ms. Gardener during her trial testimony, and describes exactly the manner in which she presented while on the stand. Indeed, our findings of fact relative to her troubled employment history, such as it has been, and our observation of her trial demeanor and her responses to counsel's questions and our own, supports the conclusion we reached under all of the facts as we found them to be. As the trier of fact, we had the authority to judge the demeanor of this witness, measure her credibility, and determine whether either was affected by mental impairment. We do not believe we required psychiatric testimony to reach a conclusion respecting those factors, given her long-standing illness and the facts described in our findings that support our ultimate conclusion. Neither is our resort to the DSM, a manual available and commonly used by trial judges, unusual, nor inconsistent with the records in the court[']s file pertaining to this case and Ms. Gardener.

Trial Court Supplemental Opinion (TCSO), 10/16/15, at 5-7.

Specifically, Father argues that the court improperly relied on unidentified medical records in arriving at its conclusion that Ms. Gardener remained a dependent child. Father further contends that the court is prohibited from considering evidence not part of the record in this case or from taking judicial notice of the records in another case, even if known to the court. We agree. Although the certified record in this matter contains copies of medical reports from the 2002 litigation, those documents were not admitted into evidence in this case. Therefore, the court was not permitted to rely on any information gleaned from those documents. "A trial court may not consider evidence outside of the record in making its determination. *Eck v. Eck*, 327 Pa. Super. 334, 475 A.2d 825, 827 (1984). Nor may this

[C]ourt uphold a trial court's order on the basis of off-the-record facts. ***Id.*** (citing ***In re Frank***, 283 Pa. Super. 229, 423 A.2d 1229 (1980))." ***Ney v. Ney***, 917 A.2d 863, 866 (Pa. Super. 2007).

Here, the court references the more than ten-year-old medical records not contained in the record in the instant case and the newer medical records Mother sought to introduce. The court directly indicates that it precluded the more recent documents as hearsay, because they could not be authenticated. However, the court apparently relied on selected documents from the litigation that took place in 2002, which we conclude is troubling because of the age of the information contained in those records and the fact that the evidence is outside the record presently before the court. Based upon this conclusion, we vacate the court's denial of Father's petition and remand this matter for consideration by the court of the evidence before it without reliance on any evidence, medical or otherwise, that is not part of the record.[1]

Order vacated. Case remanded for further action consistent with this opinion. Jurisdiction relinquished.

_____

[1] In light of the fact that we are vacating the order appealed from for the reasons stated above, we do not address the other issues raised by Father in this appeal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/20/2016</u>