J-S24001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| S.T.-E. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| A.T. | : | |
| | : | |
| Appellant | : | No. 1532 MDA 2017 |

Appeal from the Order Entered September 20, 2017,
in the Court of Common Pleas of Dauphin County,
Domestic Relations at No(s): 0630 DR 09.

BEFORE: OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

CONCURRING STATEMENT BY KUNSELMAN, J.: **FILED JULY 16, 2018**

I join the majority memorandum in its entirety, but I write separately to address the health insurance issue for the parties' daughter who is over age 18. Although the majority finds that Father waived his argument on this issue, I would affirm the trial court even if the argument was not waived. Generally, parents are not required to support an adult child. *Marino v. Marino*, 601 A.2d 1240 (Pa. Super. 1992). However, a parent may be liable for the support of a child, who is 18 years of age or older, when the child is physically or mentally disabled, unemployable or otherwise unable to support himself. 23 Pa. C.S.A. § 4321(3); *Hanson v. Hanson*, 625 A.2d 1212, 1214 (Pa. Super. 1993).

To determine if an order of support for an adult child is appropriate, the test is whether the child is physically and mentally able to engage in profitable employment and whether employment is available to the child at a supporting wage. *Heitzman-Nolte v. Nolte*, 837 A.2d 1182 (Pa. Super. 2004). Here, there was no testimony about the eldest daughter's employment, or the need for continued financial support from Father. However, testimony indicated that the eldest child suffers from serious mental health issues and has been receiving treatment with providers permitted under her prior insurance with Father. N.T., 9/20/17 at 9-10. Although testimony indicated that the daughter was able to obtain medical assistance through welfare (ACCESS), this insurance did not cover her mental health providers. *Id*. Moreover, the health insurance under Father's plan is available to daughter at no cost to him. Since it appears that the eldest daughter was not capable of obtaining her own medical insurance, except as provided by the state, and she was able to obtain insurance at no cost through her Father's plan, I believe the trial court properly ordered Father to provide this coverage. *See Kotzbauer v. Kotzbauer*, 937 A.2d 487 (Pa. Super. 2007) (affirming trial court's order requiring father to provide no-cost health insurance to daughter, who was over age 18, when daughter suffered from serious health conditions and was unable to provide her own insurance).

This Court has previously held that "a parent is only called upon to support an adult child to the extent the child cannot aid him or herself."

*Crawford v. Crawford*, 633 A.2d. 155, 161 (Pa. Super. 1993). Here, the parties' daughter cannot provide for her health insurance, which she needs to cover the cost of her mental health treatment. Moreover, Father can provide his daughter this benefit through his employer at no cost to him, until his daughter reaches age 26. Under these facts, even if the issue was not waived, I would find no error or law or abuse of discretion on the part of the trial court for requiring Father to provide this coverage.