# Manufacturers Natural Gas Co. v. Birmingham & Brownsville Macadamized Turnpike Road Co.

*Equity—Equity jurisdiction—Parties not entitled to question jurisdiction—Submission by agreement.*

1. The contention that a court of equity has no jurisdiction to modify a decree which it has entered is without merit, where it appears that the parties stipulated that "should the court be of opinion that the decree should be modified......in any...... manner, it is submitted to the court that it amend the decree.......to such an extent as may be deemed just and proper under the circumstances, each party reserving the right of exception and appeal."

*Corporations—Gas companies—Boroughs—Contracts for lighting—Equity—Injunction.*

2. An agreement between a gas company and a turnpike company provided that the gas company should furnish lamps to the turnpike company for illuminating its turnpike and supply gas therefor. In a suit in equity between the gas company and the turnpike company a decree was entered defining the duties of the parties under the agreement. A part of the turnpike was taken over by the county and the borough was charged, under the borough acts, with the duty of caring for a part of the turnpike. The borough refused to install Welsbach burners on the lamps at the gas company's request. The gas company removed its lamps from the turnpike and discontinued supplying gas thereto. The borough petitioned the court to compel the gas company to abide by the terms of the decree theretofore entered. It appeared that by the installation of Welsbach burners increased expenses would be cast upon the borough, though it would receive more light therefrom and that the cost to the gas company would be reduced. The court modified the decree which had been previously entered by increasing the number of lamps to which the gas company was to

supply gas and by requiring the installation of Welsbach burners at the cost of the borough. *Held,* that as the borough did not desire the increased light and would be put to additional expense under the decree of the lower court, while the gas company would save great expense thereby, the decree should be modified so that the additional cost of maintaining the Welsbach burners should be borne by the gas company, and the record was remitted with directions to modify the decree subject to such further modifications with regard to number of lights to be furnished as the court in its discretion might think proper.

Argued Oct. 27, 1913. Appeal, No. 131, Oct. T., 1913, by The Borough of Carrick, from decree of C. P. Allegheny Co., Dec. T., 1890, No. 998, in equity modifying a former decree in case of The Manufacturers Natural Gas Company v. The Birmingham & Brownsville Macadamized Turnpike Road Company. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Modified and affirmed.

Petition to compel plaintiff to comply with the terms of a former decree. Before CARNAHAN, J.

From the record it appeared that in 1886 a gas company, later merged into the plaintiff gas company, had contracted with a turnpike company to furnish forty lamps for the illumination of the turnpike and to supply such lamps with gas in consideration of the grant of a right of way over the turnpike. Thereafter plaintiff company brought a bill against the defendant to compel the defendant to introduce burners of an improved type in the lighting of the road, in which proceeding a decree was entered on October 8, 1892, wherein the rights and duties of the plaintiff and defendant were more fully and accurately defined.

The county commissioners of Allegheny County subsequently purchased a portion of the turnpike including so much thereof as traversed the Borough of Carrick. The Borough of Carrick under the borough acts was charged with the duty of keeping open, taking care of

and protecting so much of the turnpike as passed through the borough. From the time of the entry of the decree in 1892 until the time of the filing of the bill the plaintiff company continued to keep its pipes in the roadway and furnished gas for the lights provided for in the decree, twenty-three of which were located within the limits of the borough.

On December 16, 1912, the gas company took down and discontinued the lamps in use under the decree without any arrangement or substitution having been agreed upon, after repeated unsuccessful attempts on its part to reach some satisfactory agreement with the borough relating to the installation of Welsbach burners on the lamps in use. The Borough of Carrick thereupon petitioned for an order on the gas company to compel it to light the turnpike in accordance with the decree then in force. The Borough of Carrick for other lights used by it had a contract with the plaintiff company, by which one Welsbach light was furnished with gas at the rate of $3.50 a year and the cost of maintaining the lamp amounted to $16.50. The cost to the borough of maintaining the lights theretofore in use amounted to $2.74 a year, so that the Welsbach burners, if maintained by the borough, would cost the borough $13.76 per light more than the lamps in use prior to December 16, 1912. It appeared that a Welsbach burner consumes approximately one-twentieth of the gas required for the lamps previously in use and all of this gas would be saved by the plaintiff company.

The trial judge on final hearing entered a decree which was in part as follows:

1. That Welsbach burners, such as are in common use for street lighting, be installed in place of the burners and devices described in the decree entered in this case on October 8, 1892.

2. That instead of twenty-three lights, the Manufacturers Light and Heat Company shall furnish free gas to thirty-three (33) lights upon that portion of the

Birmingham and Brownsville road which is in Carrick Borough, to be used through Welsbach burners, the additional ten lights to be at such points as the borough shall select and designate; and that the borough shall, at its own cost and expense, maintain and care for said thirty-three lights, including the lamp posts, lamps and burners, and the lighting and extinguishing of the same, said lights to be lighted and extinguished at the time other similar lights in said borough are lighted and extinguished.

3. That the location of said thirty-three (33) lights on said Brownsville road within said borough may be changed from time to time by the borough, but at its own expense.

4. That said decree entered on October 8, 1892, is hereby amended so as to correspond herewith and conform hereto.

5. That each of the parties shall pay its own witnesses, and all other costs shall be equally divided between the parties.

Exceptions to various findings of fact and law and to the decree of the trial judge were dismissed by the court. The Borough of Carrick appealed.

*Errors assigned* were in dismissing various findings of fact and conclusions of law and in modifying the decree.

*W. H. Lemon,* for appellant.

*A. Leo Weil,* with him *C. M. Thorp,* and *S. Leo Ruslander,* for appellee.

OPINION BY MR. JUSTICE ELKIN, January 5, 1914:

We cannot agree with the learned counsel for appellant that the court below was without jurisdiction of the subject matter of this controversy, or that the modification of the decree of 1892 so as to permit the use of Welsbach burners was an abuse of discretion by the court

below. This is especially true in view of the stipulation of counsel when the case was submitted, which provided, inter alia, as follows: "Should the court be of opinion that the decree should be modified to the extent here suggested, or in any other manner, it is submitted to the court that it amend the decree of 1892 to such an extent as may be deemed just and proper under the circumstances—each party reserving the right of exception and appeal." The parties clearly contemplated the submission of the matters in controversy between them to the court for decision, and neither party can now be heard to say that the court did not have the power to decide simple questions of fact, and the legal rights of the parties depending upon those facts, when it was expressly stipulated that all of these matters should be submitted to the court.

The only part of the decree about which we have any doubt is that which imposes upon the borough the additional cost of maintaining the street lights equipped with Welsbach burners. In this connection it must be remembered that the gas company forced the issue which resulted in this litigation, and that the decree will have the effect of largely reducing the volume of gas necessary to be furnished for street lighting purposes. This is a direct benefit to the gas company and it would seem inequitable to impose additional burdens on the borough for changes made at the instance and for the benefit of appellee. It may be that the introduction of Welsbach burners will furnish better lights to the borough than those formerly in use, but the borough did not ask for the change, and there does not seem to be any justification for imposing upon the borough the additional cost of maintaining the new kind of burners, installed at the instance and primarily for the benefit of the gas company. We are, therefore, of opinion that the decree should be modified so that the additional cost of maintaining the Welsbach burners over the expense of maintaining the old street lamps should be borne by the gas

company. In all other respects the decree should be affirmed, unless the court below should be of opinion that under the circumstances the decree should be modified as to the number of street lights to be furnished with gas. The record will be remitted so that the court below can modify the decree in accordance with the views herein expressed.

Decree affirmed subject to such modification as the court below may think proper to make in accordance with the suggestions contained in this opinion. The record will be remitted for this purpose.

Costs of this appeal to be paid equally by the parties.