# Foote, Appellant, *v.* Maryland Casualty Company, Appelant.

308

Argued October 9, 1962. Before Bell, C. J., Mus-
manno, Jones, Cohen, Eagen and Keim, JJ.

*Leonidas A. Allen,* for plaintiff.

*Lee L. Leonard,* for defendant.

Opinion by Mr. Justice Keim, November 28, 1962:
This case is before the Court on two appeals, the
first at No. 95 March Term, 1962, wherein the defend-
ant complains of the trial court having modified the
verdict by increasing it from $33,732.50 to $39,564.40,
and allowing no credit for moneys already paid by the
defendant, which is contrary to a stipulation entered
into by the parties before the trial of this case. The
second appeal is at No. 177 March Term, 1962, where-

in the plaintiff complains of the rejection of her motion for a new trial. It is to be noted that both appeals are from the Court of Common Pleas of Allegheny County, Pennsylvania, docketed at No. 1531 October Term, 1957.

Harriet E. Foote, the plaintiff in the lower court, was the owner of a four level split level home of brick veneer construction, which was built for her by her husband, James W. Foote, a contractor, and they occupied the dwelling from March 26, 1956 until a fire on January 1, 1957 did considerable damage to the premises. The home was intended as a model home and was advertised for sale some months after completion. The defendant's policy was issued to plaintiff on November 5, 1956. The plaintiff was insured by the defendant company, which provided coverage against fire loss as follows: "Dwelling house, $45,000.00; Contents, $18,-000.00; and, additional living expenses, $9,000.00." The plaintiff filed proof of loss forms wherein she demanded the full amount of each type coverage provided under such policy.

In its amended answer, the defendant insurance company admitted liability in the amount of the highest estimate it received for repair of the premises, in the amount of $27,831.90, which it tendered in settlement for the claim for building damage. In view of this admission, the plaintiff entered judgment against the defendant in the sum of $27,831.90.

During the period of negotiation between plaintiff and defendant, judgments had been entered against plaintiff by her two mortgagees, both of whom proceeded under their respective judgments with attachment execution of all money owing under subject policy, and as a result, the defendant paid the sum of $26,550.18 to First Federal Savings and Loan Association of Homestead, first mortgagee; and the sum of $1,-281.72 to Ed Vero Company, second mortgagee; where-

by defendant paid in full the sum under the judgment previously taken by the plaintiff, upon defendant's admission in its amended answer.

In order to allow defendant credit for payments already made on judgment entered by plaintiff, a stipulation was entered into between the parties before any testimony was taken at the trial, and we quote:

"STIPULATION: And now, to-wit, December 7, 1959, prior to the opening of the trial of this case counsel for the respective parties hereby stipulate and agree, as follows, to-wit: 1. That payments made by the defendant to the two mortgagees: First Federal Savings & Loan Assn. of Homestead 12/10/58 $26,550.18, Ed. Vero Co. 12/10/58 $1,281.72, . . . shall not be disclosed to the jury, but the defendant shall receive credit and satisfaction of any judgment rendered by the jury in favor of the plaintiff to the extent of said payment, or the trial Judge may mold the verdict to allow a credit for said payment. 2. The trial Judge shall mold the verdict so as to allow the defendant a credit for interest on the amount of said payment. 3. Ed. Vero Company is still a mortgagee and entitled to payment of the balance of funds payable to the plaintiff in an amount over and above the previous payment made by the defendant of $1,281.72."

This stipulation was in writing and signed by both counsel.

The plaintiff produced expert witnesses who unanimously agreed that the building should be completely torn down and rebuilt. This testimony was refuted by expert witnesses for the defendant who testified that the building could be restored to its previous new condition without a complete demolition.

The verdict was as follows: "And now, to wit: December 11, 1959, we, the Jurors empanelled in the above entitled case, find a verdict for the Plaintiff in the sum of

| | | |
|---|---|---:|
| 1. | House | $22,000.00 |
| 2. | Furniture, Household Goods, Clothing | 10,000.00 |
| 3. | Additional Living Expenses | 750.00 |
| 4. | Interest | 982.50 |
| | TOTAL VERDICT | $33,732.50" |

The plaintiff filed a Motion for a new trial on the grounds: "1. The verdict was against the evidence. 2. The verdict was against the weight of the evidence. 3. The verdict was against the law. 4. The Court committed fundamental error in its charge to the jury."

The plaintiff's brief alleges different reasons in the motion for a new trial than is set forth in the record. We will dispose of the grounds, as did the lower court, and as set forth in the record.

The verdict was not against the law and the weight of the credible evidence. The plaintiff and defendant both produced expert witnesses, men of experience in this particular field, and the first question to be resolved by the jury was whether or not it was necessary to completely demolish the building, or whether it could be adequately repaired without a complete demolition; the next question would be the cost of same, and as to both of these issues, it is our opinion that the credibility of the witnesses was for the jury.

In the case *Bohner v. Eastern Express, Inc.*, 405 Pa. 463, 471 (1961) 175 A. 2d 864, Chief Justice BELL in referring to the function and duty of a trial court in considering a motion for a new trial said, at page 471: ". . . '[w]here a trial Judge or Court sees and hears the witnesses, it has not only an inherent fundamental and salutary power, but it is its duty, to grant a new trial when it believes the verdict was capricious or was against the weight of the evidence and resulted in a miscarriage of justice [citing numerous recent cases] . . .' "

The verdict was not against the applicable law, nor did the court commit fundamental error in its charge to the jury. The plaintiff would have the trial judge tell the jury that witnesses for plaintiff must be believed and that all of defendant's witnesses were biased. With this contention, we cannot agree because it was for the jury to determine if any of the witnesses were interested or biased. The record does not indicate that plaintiff complained about the instructions at the time of the trial, nor did plaintiff file any points for charge.

The plaintiff argues that defendant is bound by the stipulation which was entered into before trial because the jurors' verdict in reference to the damage to the house was less than the amount set forth in the stipulation, in fact $5,831.90 less. The plaintiff further complains that the trial judge should have informed the jury as to the amount of the stipulation so they could determine whether plaintiff was entitled to anything additional, that is the difference between the $27,831.90 admitted, and the $45,000 demanded, and with this contention we cannot agree. The trial judge charged in part ". . . There is no doubt about it, your verdict will be for the plaintiff in this case because the insurance company has admitted that there was a loss here and they are liable for the loss. It is just the question of how much the loss was, and that is what you have to determine in this case."

The stipulation by its very terms left the jury free to deliberate and arrive at their findings independently of anything that transpired between the parties prior to trial.

The effect of this stipulation is important to both parties. This Court has held that whatever does not affect the jurisdiction of the court or the due order of business and convenience of the court is capable of arrangement between the parties or their counsel,

and an agreement by them will become the law of the case: *Foley Bros. v. Commonwealth*, 400 Pa. 584, 163 A. 2d 80 (1960); *Muir v. Preferred Accident Ins. Co.*, 203 Pa. 338, 53 Atl. 158 (1902). Any matter which involves the individual rights or obligations of the parties inter se may properly be made the subject of a stipulation between them.

Parties may bind themselves by stipulation as to the instructions and verdict if the stipulation is not in contravention of peremptory statutory requirements: 83 C.J.S., Stipulations, §10. The parties may stipulate that the court modify a decree as might be deemed just: *Manufacturers Natural Gas Co. v. Birmingham & Brownsville Turnpike Co.*, 243 Pa. 458.

In 83 C.J.S., Stipulations §11, page 29: "The stipulation is to be interpreted with reference to its subject matter, and is to be read and construed in the light of the surrounding circumstances and the whole record, including the state of the pleadings, the allegations therein, the issues involved, the attitude of the parties in respect of the issues, and the statutory provisions affecting the subject matter."

The verdict was and should have been modified by the lower court in accordance with the stipulation entered into prior to trial. There was no mention about a lower verdict in the stipulation. The plaintiff was entitled to keep what had been received from the insurance company with reference to damage to the house, regardless of the jury's findings. There would be no reason for the plaintiff to gamble with that which she received, nor can there be any question that the stipulation referred only to damage to the premises.

The judgment was modified by the lower court in accordance with the stipulation entered into prior to the trial and that judgment as modified is affirmed, except defendant is to receive credit for monies already paid, namely, $27,831.90.