475 A.2d 825

**Harry ECK**

v.

**Thelma ECK, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 14, 1983.

Filed April 27, 1984.

Petition for Allowance of Appeal Denied Oct. 9, 1984.

336

Jerome L. Cohen, Wilkes-Barre, for appellant.

Gifford R. Cappellini, Wilkes-Barre, for appellee.

Before SPAETH, President Judge, and CIRILLO and JOHNSON, JJ.

JOHNSON, Judge:

This appeal arises from the trial court's order of March 19, 1982, denying alimony to appellant, Thelma Eck.

The parties were married in 1946 and three children were subsequently born. Upon their separation in July of 1966, two children had attained their majority; appellant retained custody of the remaining minor child. The marital home was sold and the proceeds (approx. $4,000) divided equally between the parties, with appellant retaining various items of personal property. Appellant commenced a support action in 1971 and appellee was ordered to pay $75.00 per week for the support of appellant and the minor child. That order was modified to $45.50 per week spousal support upon the minor child attaining his majority. Said support payments continued until 1981. Appellant returned to the state of Washington in 1977, her premarriage residence, to care for her aged, blind mother. Appellee remarried in 1981 while appellant has not.

Appellee initiated a divorce action in October of 1980 and appellant filed an answer and counterclaim requesting, *inter alia,* alimony. A divorce decree was entered on June 9, 1981 and a master's hearing regarding alimony in August of 1981.

The master's report indicated that, at the time of the hearing, appellant was 54 years old and appellee 57 years old. Appellee was employed with a net income of $349.22 per week. He provided support for his second wife and one minor daughter. Appellant was found to have no current income, with the exception of occasional babysitting jobs which rendered $25.00 per week when appellant could engage them. Otherwise, appellant cared for her mother.

Appellant owns no real estate, little personal property, and has no inheritance expectancies. She does not own an automobile. Her monthly expenses amount to $201.00 and has relied on appellee's support payments since the parties' separation. She has an eleventh grade education and no employment skills, having not been employed since marrying appellee. Prior to their marriage, appellant had been employed in a tuna cannery.

The master determined that appellant should be awarded alimony in the sum of $45.50 per week, based on a finding

that appellant lacked sufficient property to provide for her reasonable needs and was, and would be, unable to find appropriate employment or develop appropriate employable skills. The master's determination also recommended appellee pay $10 per week arrearages from the date of the divorce and that appellant report to the Domestic Relations Office one year from the date of the alimony order as to her attempts at securing employment as well as all income from any source.

Following the filing of appellee's exceptions, the trial court entered an order denying alimony and dismissing the counterclaim. On appeal, appellant alleges that, under the circumstances of this case, the trial court abused its discretion in denying alimony. We agree and reverse.

We note initially that a trial court's order concerning an alimony award should be reviewed only for an abuse of discretion. *Ruth v. Ruth*, 316 Pa.Super. 282, 462 A.2d 1351 (1983).

Section 501(a) of the Divorce Code[1] sets forth the criteria concerning alimony:

§ 501. Alimony

(a) The court may allow alimony, as it deems reasonable, to either party, only if it finds that the party seeking alimony:

(1) lacks sufficient property, including but not limited to any property distributed pursuant to Chapter 4, to provide for his or her reasonable needs; and

(2) is unable to support himself or herself through appropriate employment.

The fourteen factors listed in section 501(b) are also to be considered in determining whether alimony is necessary. *Bickley v. Bickley*, 301 Pa.Super. 396, 447 A.2d 1025 (1982).

In its opinion in support of its order, the trial court held that appellant had failed to demonstrate that she is not able to obtain appropriate employment, based on her voluntary decision to care for her mother. The court also stated that:

1. Act of April 2, 1980, P.L. 63, No. 26, § 501, 23 P.S. § 501(a), eff. July 1, 1980.

Undoubtedly, several of [the § 501 factors] point to an alimony award for Mrs. Eck. However, on balance it is our view that by virtue of Mr. Eck's long years of support payments to her and Mrs. Eck's decision not to seek further education or training for employment, Mr. Eck's obligations under § 501 must be deemed to have been fully satisfied.

■ The trial court, in its opinion, also states that it was informed by letter that appellant's mother died subsequent to the master's hearing. However, a trial court may not consider facts or evidence dehors the record in making its determination. *Cf. Commonwealth ex rel. Bowers v. Widrig*, 318 Pa.Super. 198, 205, 464 A.2d 1299, 1302 (1983). Nor may this court uphold a trial court's order on the basis of off-the-record facts. *In re Frank*, 283 Pa.Super. 229, 423 A.2d 1229 (1980).

■ Appellant has met the test of section 501(a)(1) regarding lack of sufficient property, for she has no significant property of her own, nor any expectancy of receiving property in the future. Clearly, the division of the proceeds from the sale of the marital home do not constitute sufficient property, in light of appellant's lack of a current source of income.

■ Our focus must therefore be directed to section 501(a)(2) to determine whether appellant proved that she is unable to support herself through appropriate employment. The trial court determined that appellant's failure to seek further education or training for employment, coupled with her voluntary decision to care for her aged, blind mother indicated a failure of proof as to this factor. We disagree.

The master's report indicates that appellant was 55 years old at the time of the hearings, lacks a high school education and lacks work experience. We agree with the master that these impediments would likely prevent her from obtaining gainful employment.

■ Secondly, as a matter of both public policy and interpretation of the alimony provisions of the Divorce Code, we

believe appellant was justified in not seeking employment in order to care for her aged, blind mother under the instant circumstances. It is inconceivable that a party should be penalized for fulfilling such a crucial familial obligation by being refused alimony, in part, on this basis. We note that section 501(c) of the Divorce Code states:

> (c) Unless the ability of the party seeking the alimony to provide for his or her reasonable needs through employment is substantially diminished by reason of age, physical, mental or emotional condition, custody of minor children, *or other compelling impediment to gainful employment,* the court in ordering alimony shall limit the duration of the order to a period of time which is reasonable for the purpose of allowing the party seeking alimony to meet his or her reasonable needs by:
>
> (1) obtaining appropriate employment; or
>
> (2) developing an appropriate employable skill. (emphasis added)

We believe that appellant's caring for her mother was just such a compelling impediment to gainful employment, as was her lack of employment skills, lack of education, lack of work experience and her age.

■ The trial court viewed any award of alimony as an unfair imposition of the "burden of parental support" upon the appellee. The facts developed by the master do not support such a characterization. Where, as here, the party seeking alimony had received the sum of $45.50 as support over a period of ten years, had returned to her native Northwest to care for her blind, aged mother (89 years old), had not worked other than as an occasional babysitter since entering marriage thirty-five years ago, and had no retained employable skills, we have no difficulty in concluding, as did the master, that appellant's ability to provide for her *own* reasonable needs through employment had been substantially diminished by reason of age (55 years), lack of completed high school education, lack of work experience, and other compelling impediments to gainful employment.

█ The master, based upon the facts then before him, wisely recommended that appellant be required to report, one year from the date the proposed alimony order would be entered, all steps taken to secure employment, with a list of all income from any sources. Had this recommendation been adopted by the trial court, appellant would have received what was her present right to alimony under the Divorce Code, while having to respond to the overall objectives and purposes of the Code.[2]

We therefore reverse the trial court's order and remand for entry of an appropriate order awarding alimony. Jurisdiction is not retained.

CIRILLO, J., files a concurring and dissenting opinion.

CIRILLO, Judge, concurring and dissenting:

I agree with the majority that the order of the hearing court, denying alimony, should be reversed. I disagree, though, with the conclusion that we should adopt the recommendation of the Master. Instead, an evidentiary hearing is required to determine if the appellant is able to support herself through appropriate employment.

The majority concludes that the appellant's age, lack of education and lack of work experience would "likely" pre-

2. While the author of the concurring and dissenting opinion agrees that the order denying alimony must be reversed, he believes that an evidentiary hearing is required before any order of alimony support may be entered. Our review of the entire record persuades us that the evidence was sufficient, on August 10, 1981 when the master's report was filed, to support an award of alimony at that time. Section 501(e) of the Code provides:

(c) Any order entered pursuant to this section is subject to further order of the court upon changed circumstances of either party of a substantial and continuing nature whereupon such order may be modified, suspended, terminated, reinstituted, or a new order made. Any such further order shall apply only to payment accruing subsequent to the petition for the requested relief. . . .

Thus, appellee remains free to secure trial court review of the present circumstances of either party, even as appellant's right to support based upon the facts preserved in the record is sustained. The recommendation of the master was wholly consistent with this analysis and did no violence to the expressed intentions of the legislature in promulgating the Code.

vent her from obtaining gainful employment. However, there is nothing in the record indicating that the appellant made any attempt to seek employment or further education or training for employment. Clearly, the appellant is obligated to make reasonable efforts to support herself through profitable employment. *See:* Act of April 2, 1980, P.L. 63, No. 26, § 501, 23 P.S. § 501(a)(2).

Moreover, I cannot conclude as a matter of public policy that the appellant was justified in not seeking to procure some form of employment under the circumstances. The appellant received some property from equitable distribution, she lives rent-free with her brother, she possesses some personal property, she lives near other family members in Washington, and her decision to remove herself from the job market was voluntarily made. Additionally, for approximately ten years, the appellee paid the appellant $45.00 a week in support.

The appellant's decision to care for her blind, aged mother was indeed commendable. However, in noting that one of the expressed intentions of the legislature in promulgating the Divorce Code is to "effect economic justice between parties who are divorced", Act of April 2, 1980, P.L. 63, No. 26, § 102, 23 P.S. § 102, I agree with the trial court's view that the burden of parental support which the appellant undertook should not be imposed upon the appellee.