J-S06018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAYNE L. MARTIN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT E. MARTIN | : | No. 2694 EDA 2017 |

Appeal from the Order Entered July 13, 2017
In the Court of Common Pleas of Lehigh County Domestic Relations at
No(s):  2016-62207-D,
2016-62207-D

BEFORE:    BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED MARCH 20, 2018**

Jayne L. Martin ("Wife") appeals from the order transferring venue to the Lehigh County Court of Common Pleas ("Lehigh County"). Wife contends that the trial court erred by transferring venue based on a stipulation signed by both parties and their counsel of record, and by not addressing Wife's allegations of fraud and duress contained in her motion for reconsideration and her Pennsylvania Rule of Appellate Procedure 1925(b) Statement. We affirm.

On November 16, 2016, Wife filed a Complaint in Divorce against Robert E. Martin ("Husband") in the Bucks County Court of Common Pleas. On March 2, 2017, Husband consented to entry of a final decree of divorce. Elissa Griffith Waldron, Esquire, entered her appearance on May 16, 2017, on behalf of Wife. Husband then, on June 23, 2017, filed a Motion to

Transfer Venue to Lehigh County[1] supported by a stipulation signed by the parties and their counsel of record. The stipulation stated that: neither party resided in Bucks County, Stipulation to Transfer Venue of Case, filed 6/23/17, at ¶ C (Stipulation);[2] Husband relocated to Lehigh County, *id.* at ¶ D; "an Order shall be entered transferring venue" to Lehigh County, *id.* at 2; and the parties executed the stipulation "with the intention of being legally bound" thereby, *id.* at 2. Further, the Motion to Transfer Venue stated that, at the time Wife initiated the divorce proceedings, Husband resided in Lehigh County, and provided his Lehigh County address. Motion to Transfer, filed 6/23/17, at ¶ 2.

After Husband filed the Motion to Transfer Venue, but before the trial court had ruled on it, Waldron withdrew her appearance on July 6, 2017, and Daniel J. Mazaheri, Esquire entered his appearance on behalf of Wife. The trial court, in an order entered July 11, 2017, with notice sent on July 13, 2017,[3] granted the motion and transferred the case to Lehigh County.

_____

[1] Wife's reproduced record includes a motion to transfer venue of case signed by Waldron on May 1, 2017, with a signed verification from Wife. This document, however, was not filed with the trial court. Rather, the motion to transfer venue in the original record was filed by Husband's counsel, with a verification signed by Husband.

[2] The former marital residence is located in Bucks County, Stipulation at ¶ F, and Wife resided in Bucks County when she initiated the proceedings, Motion to Transfer, filed 6/23/17, at ¶ 2.

[3] The order was dated July 3, 2017.

On the last day the trial court had jurisdiction to modify the venue order, August 14, 2017, Wife filed a Motion for Reconsideration. She argued that she did not agree to have the stipulation submitted to the trial court and "did not sign the purported agreement except through coercion and under duress." Mot. For Reconsideration, filed 8/14/17, ¶ 9. She further claimed that Waldron knew that Wife had new counsel and did not want venue to transfer. *Id.*, at ¶¶ 12, 14. The trial court did not rule on Wife's Motion for Reconsideration. That same day, August 14, 2017, Wife filed a Notice of Appeal.[4]

Wife raises the following issues on appeal:

> 1. Did the court commit an abuse of discretion and clear error of law by[:]
>
>> a. Entering an Order to Transfer Venue of the Case to another jurisdiction in violation of Pa.R.C.P. No. 1920.2 and 1006(d)?
>>
>> b. Refusing to consider the specific allegations of fraud perpetrated against the court, contained within

---

[4] Wife had 30 days from July 13, 2017, to file a timely notice of appeal. Pa.R.A.P. 903(a) (notice of appeal must be filed "within 30 days after the entry of the order from which the appeal is taken"); Pa.R.A.P. 108(b) ("The date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.Civ.P. 236(b)."). Because August 12, 2017, was a Saturday, Wife timely filed her notice of appeal on August 14, 2017. 1 Pa.C.S.A. § 1908 (excluding weekends and holidays from the computation of time when the last day of the time period falls on a weekend or holiday); Pa.R.A.P. 107 (incorporating by reference the rules of construction of the Statutory Construction Act of 1972, 1 Pa.C.S.A. §§ 1901-1991).

> both the Statement of Matters Complained Of and the Motion for Reconsideration filed by [Wife]?

Wife's Br. at 5 (suggested answers omitted).

Wife first maintains the trial court erred in not considering Pennsylvania Rules of Civil Procedure 1920.2 and 1006(d) prior to transferring the case. We disagree.

We review a trial court's decision to transfer venue for an abuse of discretion. ***Wimble v. Parx Casino and Greenwood Gaming & Entm't, Inc.***, 40 A.3d 174, 177 (Pa.Super. 2012).

Rule 1920.2, which governs venue in divorce proceedings, provides:

> (a) The action, except a claim for custody, may be brought only in the county
>
>> (1) in which the plaintiff or the defendant resides, or
>>
>> (2) upon which the parties have agreed
>>
>>> (i) in a writing which shall be attached to the complaint, or
>>>
>>> (ii) by participating in the proceeding.
>
> Under subdivision (a)(2), the agreement of the parties is an independent basis for venue and is not a waiver of improper venue.

Pa.R.C.P. 1920.2(a). Rule 1006(d) provides:

> (d)(1) For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.
>
> (2) Where, upon petition and hearing thereon, the court finds that a fair and impartial trial cannot be held in the county for reasons stated of record, the court may order that the action be transferred. The order changing venue shall be certified forthwith to the Supreme Court, which

shall designate the county to which the case is to be transferred.

Pa.R.C.P. 1006(d)(1)-(2).

Parties may stipulate "on matters relating to individual rights and obligations, so long as their stipulations do not affect the court's jurisdiction or due order of business." **Tyler v. King**, 496 A.2d 16, 21 (Pa.Super. 1985); **accord Foote v. Md. Cas. Co.**, 186 A.2d 255, 258 (Pa. 1962). Parties are bound by their stipulations and a trial court should accept a stipulation submitted by the parties "[a]bsent evidence of fraud or overreaching[.]" **Stinner v. Stinner**, 446 A.2d 651, 654 (Pa.Super. 1982).

Here, the court granted the motion based on a stipulation agreeing to the transfer signed not only by the parties' attorneys but also by the parties themselves. The stipulation stated that Husband resided in Lehigh County, that neither party resided in Bucks County, and that the court should transfer venue to Lehigh County, and the Motion to Transfer Venue stated that, at the time Wife initiated the divorce proceedings, Husband resided in Lehigh County. Rule 1920.2(a)(2) expressly permits venue in a county upon which the parties have agreed, and here, the Motion to Transfer Venue was supported by the parties' stipulation to venue in Lehigh County. **See** Pa.R.C.P. 1920.2(a), 1006(d)(1). Nothing in either the Motion to Transfer Venue or the stipulation suggested fraud or overreaching such that granting the motion was improper. **Foote**, 186 A.2d at 258; **Stinner**, 446 A.2d at 654.

Wife next argue that the trial court erred by refusing to consider the allegations of fraud set forth in her Motion for Reconsideration and Rule 1925(b) Statement. We disagree. Wife filed the Motion for Reconsideration on the 30th day after entry of the order transferring venue – the last day the trial court had jurisdiction to act. The trial court's lack of action was, in effect, a denial of the motion. **See Gardner**, 100 A.3d at 283. The denial of the motion was not error because the allegations contained in Wife's Motion for Reconsideration do not rise to the level of duress or fraud on the court. **See Adams v. Adams**, 848 A.2d 991, 993 (Pa.Super. 2004) (noting duress is defined as "that degree of restraint or danger . . . sufficient in severity or apprehension to overcome the mind of a person of ordinary firmness") (quoting **Strickland v. Univ. of Scranton**, 700 A.2d 979, 986 (Pa.Super. 1997)). **See also Stockton v. Stockton**, 698 A.2d 1334, 1338 (Pa.Super. 1997) (finding no evidence of extrinsic fraud where appellant allegedly misunderstood terms of agreement and was dissatisfied with counsel).

Wife's additional claim that the trial court ought to have revoked the transfer order based on her Rule 1925(b) Statement is patently meritless. A trial court has no duty to take action based an appellant's claims of error in a Rule 1925(b) statement because that is not the purpose of a Rule 1925(b) statement. Rather, a Rule 1925(b) statement serves to notify the trial court of the issues the appellant intends to raise on appeal. **See Commonwealth v. Butler**, 812 A.2d 631, 633 (Pa. 2002). It is not a vehicle by which a party may obtain relief from the trial court in the first instance.

Moreover, even if the trial court had a duty to take corrective action based the allegations of a Rule 1925(b) Statement, the trial court here lacked jurisdiction to do so because Wife filed the Statement more than 30 days after entry of the order transferring venue, such that the trial court no longer had jurisdiction. *See Gardner v. Consol. Rail Corp.*, 100 A.3d 280, 283 (Pa.Super. 2014) (citing *Valley Forge Ctr. Assoc. v. Rib-It/K.P., Inc.*, 693 A.2d 242, 245 (Pa.Super. 1997)). Although a trial court may modify a final order more than 30 days after the order's entry, it may do so only where "there is a showing of fraud or another circumstance 'so grave or compelling as to constitute extraordinary cause justifying intervention by the court.'" *First Union Mortg. Corp. v. Frempong*, 744 A.2d 327, 334 (Pa.Super. 1999) (quoting *Justice v. Justice*, 612 A.2d 1354, 1357 (Pa.Super. 1992)). That rule has no application here because the allegations of Wife's Rule 1925(b) Statement did not rise to the level of fraud or another sufficiently grave circumstance that would justify the trial court modifying its order after the 30-day period had expired.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/18

- 7 -