J-S28044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD DANIEL HOOVER, | : | |
| | : | |
| Appellant. | : | No. 1893 MDA 2017 |

Appeal from the Order Entered, October 31, 2017,
in the Court of Common Pleas of Lycoming County,
Criminal Division at No(s):  CP-41-CR-0002120-2012.

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

DISSENTING MEMORANDUM BY KUNSELMAN, J.:  **FILED AUGUST 31, 2018**

Because the majority memorandum allows a trial court to consider facts that occurred after a hearing as a basis for reconsideration of an order, I must dissent.   By law, a trial court generally has the ability to modify or rescind an order within 30 days after its entry, if no appeal has been taken or allowed.  42 Pa. C.S.A. § 5505,   However, that ability is limited "except as otherwise provided or prescribed by law." ***Id***.  Here, I believe the court was limited from rescinding its order of September 29, 2017, as prescribed by law, because the trial court based the reconsideration of its order on facts that occurred after it entered the order on September 29, 2017.   When reconsidering its order, I believe the trial court was limited to facts that were of record in the proceeding that took place on September 29, 2017.  ***See e.g. M.P. v. M.P.,*** 54 A.3d 950,

955 (Pa. Super. 2012) (trial court abused its discretion by relying on information it obtained through its own internet search that took place after the hearing had been concluded); ***Eck v. Eck***, 475 A.2d 825, 827 (Pa. Super. 1984) (a trial court may not consider facts or evidence outside of the record in making its determination, citing ***Cf. Commonwealth ex rel. Bowers v. Widrig***, 464 A.2d 1299, 1302 (Pa. Super. 1983)).  Additionally, this Court may not uphold a trial court's order on the basis of off-the-record facts.  ***Eck***, 475 A.2d at 827 (citing ***In re Frank***, 423 A.2d 1229 (Pa. Super. 1980)).  Because the trial court considered later developed facts, i.e. Hoover's subsequent DUI arrest, I believe it abused its discretion, and I would reverse the order vacating Hoover's release from IPP and reinstate the release order of September 29, 2017.

The decision to release Hoover from IPP was made on September 29, 2017, when President Judge Butts concluded that Hoover complied with all of his sentencing conditions and demonstrated that he was no longer in need of supervision.  The order granting early release was docketed on the afternoon of September 29, 2017.

Once she was told by Adult Probation on October 2, 2017 that Hoover received new DUI charges on the evening of September 29, 2017, after she entered her order releasing him from IPP, the trial judge granted reconsideration of its order and scheduled a hearing to consider whether it

should vacate its order releasing Hoover from supervision "in light of the new charges." T.C.O 1/11/18 at 2.

At the reconsideration "hearing," on October 23, 2017, where the court made no record, the court clearly "opened the record" and considered facts (i.e. the subsequent DUI arrest) that occurred after the September 29, 2017 hearing. On October 26, 2017 the court rescinded its order releasing Hoover from IPP, and admitted that the reason for vacating its previous order was due to Hoover's actions that occurred after the original order was entered, namely Hoover's new charges for DUI.[1]

In **Commonwealth v. Holmes**, 933 A.2d 57, 67 (Pa. 2007), the Supreme Court of Pennsylvania observed the limited judicial power to reconsider or correct errors in a sentence. The court noted that the inherent power to correct errors does not extend to reconsideration of a court's exercise of sentencing discretion. **Id**. A court may not vacate a sentencing order merely because it later considers a sentence too harsh or too lenient. **Id.**

_____

[1] The timing of the court's order dated October 26, 2017, but not entered on the docket until October 31, 2017, is not a concern of mine. I agree that on October 2, 2017 the trial court specifically granted reconsideration of the September 29, 2017 order, which gave the court 120 days to enter an order on the reconsideration motion. I question whether Adult Probation had the authority to request reconsideration, as it was not the attorney of record for the Commonwealth, and it appears the request was made *ex parte*, but Hoover did not challenge the request for reconsideration on those grounds, and the court has the power *sua sponte* to grant reconsideration of its own order.

- 3 -

Here, it appears the court reconsidered its order to release Hoover from early supervision as "too lenient", in light of Hoover's actions after the court entered its order releasing him from IPP. This is not permitted.

I do not, in any way, condone the actions of Hoover, who was arrested for another DUI within a matter of hours after being granted early release from IPP. I also share in the concerns of Judge Lovecchio, who feared Hoover might kill himself or somebody else and showed complete disregard for the safety of the public and everyone else and himself. N.T. 10/12/2017 at 3-4.

Although statutorily the court could reconsider its order within 30 days, I do not believe the court has the power to consider a defendant's conduct, which occurs within 30 days of the entry of an order, as a basis to undo a previous order. That is not the intent of Pa. C.S.A. § 5505. Allowing such reconsideration would make every order releasing a defendant from IPP conditional for 30 days, so long as a defendant does not misbehave for the next month.[2] Instead, the statute was intended to allow the trial court to correct errors or reconsider the facts of record, before an appeal is taken or within 30 days of its order.

If convicted, Hoover should bear the punishment for the new charges he received after he was released from IPP. But, the new charges cannot

---

[2] The logic of the trial court's action could be extended to other areas of the law as well. The statute allowing modification of orders does not render all orders "conditional upon subsequent events" for 30 days.

- 4 -

serve as a basis to reinstate IPP, after the court released him from this supervision. Therefore, I agree with Hoover that the trial court's "rescinding its original Order **lacks support in the record**; the Appellant had successfully completed his conditions, and the Court's Order terminating supervision should have been final." Hoover Brief at 14 (emphasis added). I must, respectfully, dissent.