J-A16027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| RAYMOND SOSA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SEBASTIAN RODRIGUEZ & THE IBS | : | No. 3953 EDA 2017 |
| GROUP, LLC | : | |

Appeal from the Judgment Entered November 20, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  No. 151105717

BEFORE:  BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

CONCURRING STATEMENT BY LAZARUS, J.:        **FILED AUGUST 07, 2019**

I join in the majority's decision to affirm the trial court's order denying Raymond Sosa's post-trial motion.  I am constrained to do so, owing to the failure of Sosa's attorney to provide the trial court with any evidence of the stipulation by and between counsel.  I write separately to further explicate the principles underpinning stipulations, define key terms, and underscore my disappointment with the unartful practice of law in the court below.

I am obligated to affirm the result below, purely as result of Mark Greenfield, Esquire, trial counsel for Sosa, failing to present the trial court with any evidence whatsoever that he and Lauren Glynn, Esquire, trial counsel for Sebastian Rodriguez and the IBS Group ("the Defendants"), entered into an agreement stipulating to Rodriguez's liability.  **See** Pa.R.A.P. 1925(a) opinion, 2/6/18, at 2 ("No written stipulation was presented to the court and no

stipulation had been entered on the docket for court approval."); *see also*

*Eck v. Eck*, 475 A.2d 825, 827 (Pa. Super. 1984) ("[A] trial court *may not consider* facts of evidence dehors the record in making its determination.") (emphasis added). I, therefore, cannot consider it an abuse of discretion for the trial court to fail to enforce an agreement for which no evidence was presented. **See** N.T. Trial, 10/11/17, at 13 (ruling below based on "conversation on the record" which does not reflect a "broad stipulation.").

I write separately to make clear that had Attorney Greenfield merely filed his stipulation with the court or presented evidence in the form of correspondence between himself and Attorney Glynn, he would have been able to enforce the agreement stipulating to liability. It has long been settled law that "[a]ny matter which involves the individual rights or obligations of the parties *inter se* may properly be made the subject of a stipulation between them." **Foote v. Maryland Cas. Co.**, 186 A.2d 255, 258 (Pa. 1962). Any such agreement "*will become the law of the case*." **Muir v. Preferred Acc. Ins. Co of New York**, 53 A. 158, 160 (Pa. 1902) (emphasis added); **see also Tyler v. King**, 496 A.2d 16, 21 (Pa. Super. 1985) ("[C]oncessions made in stipulations are judicial admissions, and accordingly[,] may not later in the proceeding be contradicted by the party who made them.").

Nearly eight months before the case went to trial, Attorney Glynn agreed "to stipulate to the following: 1. Liability is 100% on defendant, Sebastian Rodriguez." Glynn email, 2/27/17, at 1. The day of the trial, however, Attorney Glynn stated "I'm not going to argue liability. In terms of causation

of damages, I am contesting all of it." N.T. Trial, 10/11/17, at 7. She further explained "the stipulation to one hundred percent liability[,] as opposed to one hundred percent negligence[,] assumes both negligence and factual cause." *Id.* at 7–8. These statements hint at one of two possibilities: Attorney Glynn's actions either expose a fundamental misunderstanding of basic legal principles, implicating her duty to provide competent representation, or they illustrate a form of legal practice so sharp, it constitutes nothing less than a lack of candor toward the tribunal. *See* Pa.R.P.C. 1.1, 3.3.

Negligence is a tort, requiring proof of duty, breach, proximate cause, factual cause, and damages. *See Straw v. Fair*, 187 A.2d 966, 982 (Pa. Super. 2018). Liability is "[t]he quality, state, or condition of being legally obligated or accountable . . . enforceable by civil remedy[.]" Black's Law Dictionary (11th ed. 2019), liability. Factual cause is "[t]he cause without which the event could not have occurred." Black's Law Dictionary (11th ed. 2019), but-for cause (defining cause in fact as synonymous with but-for cause). Negligence, liability, and factual cause are plainly distinguishable terms, all of which should be equal parts understandable and unambiguous to a licensed attorney. One is *liable* for *negligence* when, *inter alia*, his actions were the *factual cause* of another's injuries. We are unclear as to whether Attorney Glynn stipulated to liability being "100% on . . . Rodriguez" as an inducement to persuade Attorney Greenfield to agree not to call Rodriguez at trial, or if she genuinely believed being liable for negligence did not encompass

factual cause. In any event, Attorney Glynn had a professional obligation to understand these terms of art, and a concomitant duty to follow through on the statements she made to opposing counsel. Unfortunately, Attorney Greenfield also had an obligation to provide the trial court with a sufficient basis to find the parties entered into a binding stipulation. As he did not do so, I concur.