**[J-96-2019] [OAJC: Todd, J.]**
# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 25 MAP 2019 |
| | : | |
| Appellee | : | Appeal from the Order of Superior |
| | : | Court at No. 1893 MDA 2017 dated |
| | : | August 31, 2018 Affirming the Order |
| v. | : | dated October 26, 2017, filed |
| | : | October 31, 2017, of the Lycoming |
| | : | County Court of Common Pleas, |
| TODD DANIEL HOOVER, | : | Criminal Division, at No. CP-41-CR- |
| | : | 2120-2012 |
| Appellant | : | |
| | : | ARGUED: November 19, 2019 |

## CONCURRING AND DISSENTING OPINION

**JUSTICE BAER**                                              **DECIDED: May 19, 2020**

While I agree with most of the Opinion Announcing the Judgment of the Court (OAJC)'s thoughts regarding the propriety of the trial court's vacation of its prior order granting a petition for early termination of a sentence of intermediate punishment, I respectfully disagree with its ultimate decision to reverse the Superior Court on a basis that was never raised or argued by the Appellant in this case. Accordingly, I concur in part of the OAJC's decision and dissent in part, as I would affirm the Superior Court's decision, as discussed below.

I agree with the OAJC that pursuant to 42 Pa.C.S. § 5505, the trial court had the authority to vacate its prior order where, as here, the court's order was not appealed, the court acted within 30 days of the entry of the order, and the court provided notice to the parties of its intent to rescind its prior order.[1] OAJC at 8. I also agree with the OAJC that

---

[1] Section 5505 provides:

the trial court was not limited to rescinding its order for patent errors, as this limitation applies only to a court correcting an order outside of the 30-day window set forth in Section 5505. *See* OAJC at 9-10 (citing *Commonwealth v. Holmes*, 933 A.2d 57 (Pa. 2007), and its consolidated companion case, *Commonwealth v. Whitfield*, for the proposition that jurisdiction to correct errors outside of the 30-day period prescribed by Section 5505 by a trial court is limited to patent errors).

Next, the OAJC properly rejects Appellant's argument that the trial court could not vacate its prior order pursuant to Section 5505 based on facts not of record at the time it granted early termination of Appellant's intermediate sentence on the basis of the Superior Court's decisions in *M.P. v. M.P.*, 54 A.3d 950 (Pa. Super. 2012) (holding that the trial court abused its discretion in denying mother's custody petition seeking permission to travel with her daughter based on the court's own internet research conducted subsequent to the custody hearing) and *Eck v. Eck*, 475 A.2d 825 (Pa. Super. 1984) (holding that the trial court, in reversing a hearing master's award of alimony, abused its discretion by considering facts and evidence not of record)).

Specifically, the OAJC observes that in *M.P.* and *Eck*, the trial court orders were reversed because the orders were based on the consideration of evidence outside of the record to which the parties had no notice of, or opportunity to respond. The OAJC notes, "[I]n the instant case, Appellant had notice of the basis for the trial court's modification of its prior order, and, indeed, had the opportunity to respond at a hearing." OAJC at 10.

---

Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

42 Pa.C.S. §5505.

Thus, the OAJC properly finds *M.P.* and *Eck* distinguishable from the circumstances presented in this case.

Accordingly, I agree with the OAJC's conclusions and analysis of the foregoing matters, which consist of the totality of the arguments made by Appellant in his brief to this Court. *See* Appellant's Brief at 12-17. The OAJC, nevertheless, proceeds to address another basis for reversal of the trial court's order, as affirmed by the Superior Court. Analogizing to probation revocation, the OAJC holds that because the trial court failed to condition its grant of Appellant's petition for early termination upon express future conduct, the court's act of vacating its prior order based upon such future conduct deprived Appellant of his liberty interest without due process. OAJC at 14.

This basis for reversal of the lower courts' decisions, however, is outside the scope of this appeal as it was not presented, and therefore necessarily not preserved by Appellant. The OAJC, instead, *sua sponte*, analogizes the circumstances of this case to probation revocation and posits that, like probation revocation, a person must be given a fair warning of acts that could lead to a loss of liberty. The OAJC justifies its analysis in this regard by concluding that if it were to uphold the trial court's vacation of its prior order granting Appellant's petition for early termination based on his subsequent DUI offense, this Court would be sanctioning a construction of Section 5505 that would violate due process, which, in the OAJC's view, we must avoid. OAJC at 12.

While the OAJC's arguments in favor of reversal of the lower courts' decisions may or may not withstand careful scrutiny, it is a settled principle of appellate review that courts should not reach claims that were not raised below. *Commonwealth v. Colavita* 933 A.2d 874, 891 (Pa. 2010). Likewise, "courts generally should not act *sua sponte* to raise claims or theories that the parties either did not raise below or failed to raise in their appellate pleadings." *Id.* "This Court has consistently held that an appellate court cannot reverse

3

a trial court judgment on a basis that was not properly raised and preserved by the parties." *Id.* (citing *Steiner v. Markel*, 968 A.2d 1253, 1256 (2009) (citing *Danville Area Sch. Dist. v. Danville Area Educ. Ass'n*, 754 A.2d 1255, 1259 (2000)). The rule is no different in the constitutional context. *Id.*

Here, as noted, Appellant has never contended that the trial court erred in vacating its prior order granting him early termination of his sentence of intermediate punishment because doing so is analogous to probation revocation, which, pursuant to due process, requires notice of conditions that will result in revocation. Importantly, absent Appellant's advocacy on this point, there is no counter-argument provided by the Commonwealth to the OAJC's determination.

While the OAJC's position may have some superficial appeal if it was raised, it would seem more applicable to a case involving a final order permitting early termination where the court attempted to revoke its grant after the 30-day period for reconsideration without having provided notice of conditions therefore. Here, we are examining a court's authority to modify its order prior to the order becoming final; a circumstance where courts generally have broad discretion to make adjustments so long as the parties are provided notice that the order may be modified as was done in this case. *See* OAJC at 10 (noting that "Appellant had notice of the basis for the trial court's modification of its prior order, and, indeed, had the opportunity to respond at a hearing"; *see also Moore v. Moore*, 634 A.2d 163, 167 (Pa. 1993) (acknowledging that "a trial court always has the authority to reconsider its own judgment and that the question of whether or not to exercise that authority is left to the sound discretion of the trial court"); *Stockton v. Stockton*, 698 A.2d 1334, 1337 (Pa. Super. 1997) (observing that 42 Pa.C.S. § 5505 gives a trial court broad discretion to consider a motion for reconsideration if the motion is filed within thirty days of the entry of the disputed order); *Hayward v. Hayward*, 808 A.2d 232, 235 (Pa. Super.

4

2002) (explaining that the lower court's authority under 42 Pa.C.S. § 5505 to modify or rescind an order is almost entirely discretionary; this power may be exercised *sua sponte*, or may be invoked by a request for reconsideration filed by the parties).

For these reasons, I would conclude that, based on the arguments presented to this Court, Appellant has failed to demonstrate that the trial court abused its discretion pursuant to Section 5505 when it vacated its prior order granting Appellant early termination from intermediate punishment.  Accordingly, I would affirm the Superior Court's judgment affirming the trial court's order.

Chief Justice Saylor and Justice Mundy join this concurring and dissenting opinion.