**[J-42-2022] [MO: Mundy, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 2 EAP 2022 |
| | : | |
| Appellee | : | Appeal from the Judgment of |
| | : | Superior Court entered on |
| | : | 6/04/2021 at No. 1642 EDA 2020 |
| v. | : | (reargument denied 08/17/2021) |
| | : | affirming the Order entered on |
| | : | 08/18/2020 in the Court of Common |
| DONTEZ PERRIN, | : | Pleas, Philadelphia County, Criminal |
| | : | Division at No. CP-51-CR-0003284- |
| Appellant | : | 2008. |
| | : | |
| | : | ARGUED:  September 13, 2022 |

**CONCURRING OPINION**

**JUSTICE DOUGHERTY**                              **DECIDED:  March 21, 2023**

I agree the trial court here was not required to accept the parties' post-verdict stipulation to the credibility of a witness, and accordingly join the Majority Opinion.  I write separately to address the additional question implicated by this case, but apparently left open by the Majority, concerning whether trial courts, while not obligated to accept proposed stipulations to witness credibility, nonetheless retain the discretion to do so. *See* Majority Opinion at 13 n.7 ("We do not address the question of whether the trial court, in its discretion, may accept a proposed stipulation as to witness credibility as that is not the circumstance currently before the Court.").  In my view, Pennsylvania law forbids stipulations to the credibility of witnesses, either before or after the verdict, and because purported stipulations to witness credibility are invalid *ab initio*, trial courts may not accept them under any circumstances.

"A stipulation is a declaration that the fact agreed upon is proven." *Commonwealth v. Rizzuto*, 777 A.2d 1069, 1088 (Pa. 2001). "A stipulation of facts is binding and conclusive on a trial court, although the court may nonetheless draw its own legal conclusions from those facts." *Mader v. Duquesne Light Co.*, 241 A.3d 600, 615 (Pa. 2020). There is no doubt "stipulations are highly favored in our judicial system[.]" *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 32 (1st Cir. 2007). Among other benefits, stipulations can streamline the factual issues before the court, eliminate the need for tedious proof, expedite litigation, reduce costs to the court system, and minimize expenses to the parties. *See* 83 C.J.S. *Stipulations* §2 (2022). Nonetheless, the ability of parties to stipulate is not boundless. "[P]arties cannot stipulate to matters affecting the jurisdiction, business, or convenience of the courts." *Northbrook Life Ins. Co. v. Commonwealth*, 949 A.2d 333, 337 (Pa. 2008), *citing Parsonese v. Midland Nat. Ins. Co.*, 706 A.2d 814, 815 (Pa. 1998), and *Foote v. Maryland Cas. Co.*, 186 A.2d 255, 258 (Pa. 1962); *accord Mader*, 241 A.3d at 615 ("Under Pennsylvania law, litigants may limit the issues to be considered by the court except for matters affecting the jurisdiction, business, or convenience of the court.")

As an initial matter, witness credibility is not a fact subject to stipulation. A "fact" is "[s]omething that actually exists; an aspect of reality[.]" *Fact*, BLACK'S LAW DICTIONARY (11th ed. 2019). "Credibility," on the other hand, is "[t]he quality that makes something (as a witness or some evidence) worthy of belief." *Credibility*, BLACK'S LAW DICTIONARY (11th ed. 2019); *see also* 81 AM. JUR. 2D *Witnesses* §917 (2023) ("Witness credibility is a subjective, amorphous quality, often defined as much by the preconceptions of the persons who perceive the witness as by the witness's personal characteristics."). It is

axiomatic that a witness can appear worthy of belief, and thus be deemed credible, without this actually being the case. Simply because a witness may give the impression of being truthful does not, of course, make it so. When parties purport to stipulate to witness credibility they are not agreeing to an objective fact, but rather a highly subjective and vague quality that may or may not reflect reality. Indeed, the agreement to credibility may say just as much (if not more) about the preconceptions and biases of those doing the agreeing than it does the actual credibility of the witness. The indefinite characteristic of credibility is not a fact amenable to stipulation.

Moreover, a stipulation to witness credibility impermissibly invades the business of the trial court. It is well-settled in this Commonwealth that assessing the credibility of witnesses is within the exclusive province of the trial court, either acting on its own or through a jury. *See, e.g.*, *Commonwealth v. Alston*, 373 A.2d 741, 743 (Pa. 1977) ("The resolution of issues of credibility is within the province of the trial court."); *Commonwealth v. Garvin*, 293 A.2d 33, 39 (Pa. 1972) ("The law is well settled that it is the exclusive province of the trier of facts to pass upon the credibility of witnesses and the weight to be accorded their testimony."). If the parties simply stipulate to the credibility of a witness, however, this freezes out the trial court entirely, and usurps the court's sole prerogative to decide questions of credibility. Importantly, the "bedrock principle that questions of credibility are exclusively for the fact-finder[,]" *Armbruster v. Horowitz*, 813 A.2d 698, 703 (Pa. 2002), is not merely "a limitation on appellate courts" deciding credibility on a cold record. Commonwealth's Reply Brief to Brief of *Amicus Curiae* the Office of the Attorney General at 3 n.1. This Court has never so held, nor is there any support for such a construction. On the contrary, in the stipulation context, as on appeal, there is no firsthand

evaluation of the witness's in-court testimony under oath and subject to the crucible of questioning, which is indispensable to an informed evaluation of credibility. *See Commonwealth v. King*, 990 A.2d 1172, 1180 (Pa. Super. 2010) (holding judge "could not possibly have made fully informed credibility determinations without observing the demeanor of the witnesses"). A party stipulation to credibility, like appellate credibility-finding, lacks the procedural safeguards essential to a proper assessment of the credibility of a witness.

Finally, barring credibility stipulations will not "unduly burden" the criminal justice system. Commonwealth's Brief at 27. Explicit stipulations to witness credibility, in contrast to stipulations only inferentially implicating credibility which are beyond the scope of this case, are hardly "routine" in this Commonwealth. Appellant's Opening Brief at 16. Quite the opposite, express credibility stipulations appear to be rare to the point of nonexistent. Indeed, the parties fail to cite even a single Pennsylvania case involving such a stipulation. Their reliance on *Commonwealth v. Williams*, 215 A.3d 1019 (Pa. Super. 2019), is misplaced. In *Williams*, the parties stipulated "[t]he Commonwealth does not stand behind the credibility of [Philadelphia Police] Officer [Reginald] Graham's testimony at Williams'[s] trial." *Williams*, 215 A.3d at 1025. Thus, the stipulation in *Williams* was not to the witness's credibility, but the Commonwealth's confidence in it. Moreover, a formal investigation independent of the parties concluded Officer Graham engaged in criminal conduct and lacked credibility. *See Williams*, 215 A.3d at 1028 ("Following Williams' 2007 arrest, an investigation by the Philadelphia Police Board of Inquiry determined that Graham engaged in criminal conduct as a police officer. . . . [T]he Board of Inquiry found that Graham committed theft, prior to Williams' trial, and then lied

about it during the internal affairs investigation.") (citation to record omitted). Further, the *Williams* stipulation concerned testimony at a previous trial, not upcoming testimony at a future proceeding. As the Majority correctly notes, there was no stipulation in *Williams*, as there is here, that a witness would testify credibly (or incredibly for that matter) at a forthcoming hearing or trial. *See* Majority Opinion at 9 ("Unlike the proposed stipulations at issue herein, the stipulations in *Williams* did not assert a potential witness at an evidentiary hearing would testify credibly."); *id.* ("[T]here was no proposed stipulation to witness credibility in *Williams*[.]"). In any event, to the extent *Williams* may be read to endorse credibility stipulations, it runs headlong into, and is superseded by, this Court's precedents providing that only facts are amenable to stipulation and credibility assessments are the exclusive prerogative of the trial court. Furthermore, while *amicus*, perhaps in an abundance of caution, vaguely indicates stipulations to credibility may be permissible "in limited and appropriate circumstances," it does not specify what such circumstances might entail or cite any authority endorsing this procedure. Brief for *Amicus Curiae* the Office of Attorney General at 19.

For the foregoing reasons, I believe stipulations to witness credibility are not, and should not be, permitted in this Commonwealth. Hence, while I fully agree with the Majority the trial court in this case did not err in refusing to accept the parties' proposed credibility stipulation, in my view no court in any context has the discretion to do otherwise.

Justice Wecht joins this concurring opinion.